Filkins *v.* Whyland.

———————————

## FILKINS *vs.* WHYLAND.

Where, upon the sale and purchase of a horse, a bill of sale was executed by the vendor, specifying the price and acknowledging its receipt, *it was held* that the instrument was to be construed as being a mere receipt for the purchase money, and not as a contract, whose written terms could not be varied by parol; and that parol evidence of a verbal warranty was therefore admissible.

THIS was an appeal from a judgment of the Troy mayor's court. The action was brought to recover damages for the breach of a warranty upon the sale of a horse.  Upon the trial, the plaintiff gave evidence to prove the purchase of a horse of the defendant by him; that the defendant warranted the horse to be sound, and a breach of the warranty.  The defendant proved that when the horse was purchased and paid for by the plaintiff, an instrument in writing was executed and delivered to the plaintiff, as follows:

"Troy, Nov. 19, '52.

C. B. Filkins, Bo't of C. Whyland one horse,          $150.

Received payment,          C. WHYLAND."

The counsel for the defendant thereupon moved for a nonsuit, on the ground that the contract of sale being in writing and containing no warranty, it was not competent to prove such warranty by parol evidence. The court so decided, and granted the motion for a nonsuit. The plaintiff excepted to the decision, and judgment having been perfected against him, he appealed to this court.

*W. A. Beach,* for the plaintiff.

*A. B. Olin,* for the defendant.

*By the Court,* HARRIS, J. I regard the instrument executed at the time of the sale, as a mere receipt. It acknowledges that the plaintiff has paid the purchase money upon the sale of a horse, and nothing more. It contains no agreement, stipulation or condition which characterizes a contract whose written terms cannot be varied by parol. The two things are entirely independent of each other. The writing is evidence to them that the plaintiff had purchased the horse and had paid a certain price for him. The parol evidence is given to show a contract touching the horse, it is true, but relating to a matter having no necessary connection with the sale of the horse or payment of the price.

Nor is the question without authorities, expressly in point. In *Hersom* v. *Henderson* (1 *Foster,* 224,) the action was assumpsit for a breach of warranty on the sale of horses. The defendant proved a bill of sale, in which the horses were described and their ages stated, and the receipt of the price acknowledged. The plaintiff proved by parol evidence, that at the time of the sale the defendant warranted the horses to be sound. It was held, upon the trial, that the writing must be presumed to contain the contract between the parties, and that

parol evidence was not admissible to prove a contract of warranty not contained in the writing. But the supreme court of New Hampshire, Gilchrist Ch. J. delivering the opinion, reversed the decision, holding that the evidence was competent. So, in *Allen* v. *Pink*, (4 *M. & Welsb.* 140,) where, upon the purchase of a horse, a memorandum of the sale had been given, it was held that parol evidence of a verbal warranty was admissible. Lord Abinger said, " the paper appears to have been meant as a memorandum of the transaction, or an informal receipt of the money, and not as containing the terms of the contract itself."

Even if the writing is to be regarded as a contract for the sale of the horse, it is competent to show that at the same time a parol contract was made collateral to, and distinct from that which was reduced to writing. (3 *Starkie's Ev.* 1049.) Thus, in *Jeffrey* v. *Walton*, (1 *Starkie's R.* 267,) an action was brought for not taking proper care of a horse which had been let by the plaintiff to the defendant; parol evidence was given to show the liability of the defendant. For the defense, it was shown that a memorandum in writing was executed at the time the horse was hired, in the following words : " Six weeks at two guineas, William Walton, jr." It was insisted, on the part of the defendant, that this writing was to be considered as the real contract between the parties, and that it was not competent for the plaintiff to engraft upon it a further term by means of parol evidence. But Lord Ellenborough said "The written agreement merely regulates the time of hiring and the rate of payment. I shall not allow any evidence to be given by the plaintiff in contradiction of these terms, but I am of opinion, that it is competent for the plaintiff to give in evidence suppletory matter, as part of the agreement."

Whether, therefore, the writing is to be regarded as a mere receipt or as the evidence of a contract, I think it was competent for the plaintiff to prove, that at the time the purchase was made, the defendant also agreed to warrant the soundness of the horse. It neither varies nor adds any thing to, the

written instrument. The judgment of the mayor's court should therefore be reversed, and a new trial granted, with costs to abide the event.

[ALBANY GENERAL TERM, March 3, 1856. *Harris, Watson* and *Gould,* Justices.]