65   179
87   418
65   179
100   454
65   179
118   71

[No. 7,850.   Department One. — April 30, 1884.]

## J. A. JOHNSON ET AL., APPELLANTS, v. O. B. POWERS, RESPONDENT.

EQUITABLE ACTION — SPECIAL VERDICT. — In an action to foreclose a mortgage of personal property, the findings of the jury may be treated by the court as advisory only. The court may set aside the verdict and find the facts.

EQUITABLE ACTION — IMPEACHMENT OF WITNESS — AMENDED COMPLAINT. — By the verification of a complaint, the plaintiff makes its statements his own. If an amended complaint is filed, the original ceases to be a pleading, and its averments cannot be used to disprove those of the amended pleading. But when a plaintiff is a witness at the trial, the averments of the original complaint, inconsistent with his testimony, may be introduced upon cross-examination, for the purpose of impeachment.

WARRANTY — WRITTEN AGREEMENT — PAROL EVIDENCE. — When there is a written agreement for the sale of personal property, containing the terms and conditions of a complete contract, it will be presumed to express all the terms of the agreement between the parties, and parol evidence is inadmissible to show the existence of a warranty not expressed in the contract.

APPEAL from a judgment of the Superior Court of the county of Alameda, and from an order refusing a new trial.

The action was to restrain the transfer by defendant of a promissory note made to him for a part of the purchase price of two newspaper establishments and other personal property sold to the plaintiff. The injunction was asked on the ground of alleged fraud and misrepresentation by the defendant. After several demurrers had been heard and disposed of, the defendant filed an amended answer, and a cross-complaint to foreclose a chattel mortgage executed by the plaintiff to secure payment of the note. The plaintiff answered the cross-complaint, alleging fraud and misrepresentation by the defendant, and a breach of warranty as to the quality and value of the property. The case was tried upon the issues made by the cross-complaint, and the answer of plaintiff. Special issues were submitted to the jury. The court adopted some of the findings of the jury, and rejected others, making findings in their stead. The other facts sufficiently appear in the opinion.

*Vrooman & Davis,* for Appellants.

*Edward Lynch,* for Respondent.

The COURT.—1. Appellant claims that the court below had no power to set aside the verdict of the jury, and to find the facts.

The substituted cross-complaint contains a statement of facts constituting a cause of action in equity. It was a complaint to foreclose a mortgage of personal property given to secure the payment of a promissory note therein set forth. The court was justified in treating the findings of the jury as advisory only.

2. By the verification of the original complaint the plaintiff made its statements his own. As an amended complaint had been substituted for the original, the latter had ceased to perform any office as a *pleading,* and its averments could not be used to disprove those of the amended complaint. If the adverse party were at liberty to use the first pleading as an admission to overthrow the amended pleading, the party who amends would reap no benefit from his amendment. (*Meacham* v. *McKay,* 37 Cal. 165.) So in *Ponee* v. *McElvey,* it was said: "The court below erred in permitting the original complaint to be read in evidence against the plaintiff." But in the case now before us, the plaintiff was called as a *witness* on his own behalf, and on cross-examination his attention was called to portions of the original complaint claimed to be inconsistent with his statements as a witness. There is no suggestion that he was not given full opportunity to explain the inconsistencies. The portions of the original complaint were not offered as evidence of any fact other than the fact that the plaintiff made the statements contained in them, and such statements, so far as they were contradictory of or inconsistent with his statements as a witness, were as much admissible, for the purpose of impeaching him, as if they were contained in a letter written by him to a third person, or in an affidavit filed in a distinct proceeding. (Code Civ. Proc. § 2052.)

3. The plaintiff's witnesses were allowed to testify fully as to the representations and alleged warranty made by defendant at the time of the sale. During the examination of a witness on behalf of the *defendant,* with reference to the alleged representations claimed by plaintiffs to be false and to constitute a war-

ranty, the court remarked: "I don't think there is any
warranty in this case. The defense here, if any, to the note, is
on the ground of fraud; I hold that in this case the plaintiffs
cannot prove a warranty made at the time of the sale by parol
agreement made between the parties at that time, because of the
fact that there was a bill of sale made in writing between them
which is silent as to any provision of warranty." The appellant
insists that this was error.

The vendor of personal property in his possession warrants
his *title* to the same by implication. And whether such sale be
by written bill of sale, or oral, the implied warranty of title
may be rebutted by parol, that is to say, the vendor may over-
come the legal presumption by proof that he did not warrant
the title. (*Miller* v. *Van Tassel*, 24 Cal. 459.) In such case the
vendor does not add to the terms expressed in the writing, but
he only rebuts a legal presumption, not itself expressed in writ-
ing, but arising from that which is expressed. But with refer-
ence to warranties as to quality, the general rule is that the law
does not imply such a warranty. The maxim is *caveat emptor*,
and the purchaser has no remedy except in case of express war-
ranty or fraud. Of course fraudulent representations as to the
value of a business may be proved, although such representations
are not embodied in the written contract of sale, because such
evidence of fraud goes to show that the contract never had any
operation. And in the case now here the court below allowed
the fullest latitude to appellant in the examination of witnesses
as to alleged fraudulent representations.

If the contract between the vendor and vendee be reduced to
writing, nothing which is not found in the writing (except that
which is presumed by law from that which is written) can be
considered as a part of the contract. (*Kain* v. *Old*, 2 Barn. &
C. 627.) When the written sale contains no warranty, or
expresses the warranty that is given by the vendor, parol evi-
dence is inadmissible to prove the existence of the warranty in
the former case, or to extend it in the latter. (Benj. on Sales,
621.) The apparent exceptions to the rule are where written
papers in the nature of informal *receipts* have been held not to
embody, and not to have been intended or designed to set out,
the terms and conditions of the contract of bargain and sale; as

when such a paper merely designates the property and contains a receipt for the price. (Benj. on Sales, 622, note *p*.) Bills of parcels introduce an exception to the general rule. In *Allen* v. *Pink*, 4 Mees. & W. 140, there was a memorandum of sale: "Bought of G. Palk, a horse for the sum of £7, 2s, 6d, (signed) G. Palk." Lord Abinger said the paper appeared to have been intended merely as an informal receipt, and not as containing the terms of the contract. And in *Filkins* v. *Whyland*, 24 Barb. 379, the memorandum was: "C. B. Filkins, Bt. of C. Whyland an horse, $150. Received payment, C. Whyland." On the other hand, a paper purporting to be a receipt, but containing in truth a complete contract between the parties, cannot be explained by parol. (1 Cow. & Hill, notes, 216, 2 ed., 1439; *Niles* v. *Culver*, 8 Barb. 205; *Goodyear* v. *Ogden*, 4 Hill, 104.) It is obvious that the question is to be determined by the response to the inquiry: "Is this writing more than a receipt — does it contain the contract?" In the case at bar four paper writings were executed contemporaneously: First, a bill of sale by defendant, describing property and acknowledging the receipt of the purchase price, six thousand dollars; second, a promissory note of plaintiff's for five thousand five hundred dollars; third, a mortgage of the property by plaintiffs to secure the five thousand five hundred dollar note; fourth, a promissory note by plaintiffs for five hundred dollars, the balance of the purchase price. It is manifest that these writings contain the terms and conditions of a complete contract, and must be presumed to contain all the terms of the agreement between the parties.

Judgment and order affirmed.