[No. 8249.   Department One.—November 26, 1885.]

# ELEONORA F. MORRIS, APPELLANT, v. SAMUEL LACHMAN, RESPONDENT.

EVIDENCE — LEADING QUESTION — STRIKING OUT — DISCRETION. — The trial court may in its discretion strike out leading questions put to a witness.

ID. — HEARSAY. — Testimony relative to what a witness heard that the defendant said is hearsay, and should be stricken out.

SLANDER — OBJECTIONABLE CHARGE IN ANSWER MAY BE WITHDRAWN — EVIDENCE. — In an action for slander, the defendant may withdraw a charge made against the reputation of the plaintiff in his original answer, and by permission of the court file an amended answer leaving out the objectionable matter; and thereafter the plaintiff may be prohibited from showing that such a charge had been thus preferred and attempted to be established by evidence.

ID. — CHARGING PLAINTIFF WITH THEFT — MITIGATION OF DAMAGES. — The alleged slander consisted in calling the plaintiff a thief and scoundrel. At the trial the defendant testified that at the time he used the language he believed that his property had been stolen. *Held*, that the evidence was admissible as tending to show the good faith of the defendant and in mitigation of damages.

ID. — WITNESS — REFRESHING MEMORY. — A witness cannot refresh his memory from an affidavit previously sworn to and subscribed by him *ex parte*, unless it be shown that the affidavit was written by him or under his direction, at the time the facts occurred or immediately thereafter, or at some other time when the facts were fresh in his memory, and that he knew the same were correctly stated in the affidavit.

ID. — INSTRUCTION — ARGUMENTATIVE — WEIGHT OF TESTIMONY. — An instruction quoted in the opinion, *held*, to be erroneous for its argumentative character, and because it was an instruction upon the weight of the testimony.

ID. — HOW FAR COURT MAY INSTRUCT UPON THE EVIDENCE. — The trial court may state the evidence to the jury, and instruct them that it tends to prove a matter in issue.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The court in its instruction to the jury, after stating certain evidence that had been introduced by the defendant, charged them that such evidence tended to prove, according to the weight they might give to it, that the defendant did not speak the alleged slanderous words. The further facts are stated in the opinion.

*Tyler & Tyler,* for Appellant.

The instructions were argumentative and upon matters of fact, and intimated to the jury the effect of the evidence upon the mind of the court. (*McNeil* v. *Barney,* 51 Cal. 604; *People* v. *Eckert,* 16 Cal. 113; *People* v. *Barry,* 31 Cal. 358; *People* v. *Williams,* 17 Cal. 146; *People* v. *Dick,* 34 Cal. 663; *People* v. *Titherington,* 59 Cal. 598; *People* v. *Hurley,* 57 Cal. 145.)

*J. P. Phelan, J. B. Reinstein,* and *J. M. Seawell,* for Respondent.

Evidence that the defendant, at the time of speaking the slanderous words, believed that his property had been stolen, was admissible. (Code Civ. Proc., sec. 461; *Bush* v. *Prosser,* 11 N. Y. 349; *Lyon* v. *Hancock,* 35 Cal. 372; *Wilson* v. *Fitch,* 41 Cal. 380; *Lick* v. *Owen,* 47 Cal. 257.)

FOOTE, C.—Action to recover damages for slander, in the alleged speaking by Lachman, of and concerning the plaintiff and one Henry Cavendish, the words: "They are horse-thieves and scoundrels."

The defendant filed a second amended answer, in which the main ground of defense was stated to be, that he believed his horse, harness, and wagon had been stolen, and did not know the persons who had taken them, and that in using the language complained of he had no reference to the plaintiff, but spoke it of those

unknown persons who he honestly believed had committed a larceny of his property.

By the bill of exceptions as settled, it appears that upon the trial of the cause the evidence showed that one Connolly had sold the property about which the controversy arose (which, it was contended, Lachman had accused plaintiff of stealing) to the plaintiff, and had given her a bill of sale therefor. The plaintiff had allowed Connolly to use the horse and wagon, and that he subsequently sold them to the defendant (then in New York), delivering them to Lachman's son, who was in charge of his father's business here while the latter was absent. That afterwards, and during the defendant's absence in New York, plaintiff found the horse and wagon on the street in San Francisco and took them to Oakland, without notifying defendant or his son. Upon his return to San Francisco the defendant went to Oakland in search of the property; at which time and place he was alleged to have used the language set out in the complaint. Judgment was rendered for the defendant, and the plaintiff's motion for a new trial denied, and she appealed.

At the trial it was claimed, on the part of the plaintiff, that the defendant used the language set out in the complaint, of and concerning the plaintiff and Mr. Cavendish, while said Lachman was standing inside the door of Messrs. Lesher and Saunders's store in Oakland, and that plaintiff and Mr. Cavendish were passing by on the street in front thereof, and that just as they went by, Mr. Lesher said to the defendant: "There goes the lady and gentleman who left the horse and wagon here, now." To which defendant replied: "Lady and gentleman be damned!—they are horse-thieves and scoundrels." And the plaintiff introduced evidence to show the speaking of the words by defendant as laid in the complaint.

It was within the court's discretion to strike out the leading question put to the plaintiff by her counsel.

And the hearsay testimony given by her, relative to what she heard that the defendant had said as she was passing Lesher's store, was clearly incompetent, and was properly stricken out.

The defendant had a right to withdraw the charge made against the plaintiff's reputation in his first answer, and by the court's permission to file an amended pleading leaving the objectionable matter out. And no error was by that tribunal committed in refusing to allow proof to be made that such a charge had been thus preferred on a previous trial, and attempted to be established by evidence.

The question which was asked the defendant by his counsel, and to which he was allowed to reply, relative to his belief that his property had been stolen at the time he used the language to which exception was taken, was proper, as tending to show his good faith in mitigation of damages, and was in no sense an opinion as an expert.

We are inclined to the opinion that the court was right in refusing, of its own motion, to allow the witness, Tracy, to refresh his memory from an affidavit before that time sworn to and subscribed by him *ex parte*, for the reason that the plaintiff did not include in the offer made by her counsel proof that the witness had written the affidavit, or that it had been done under *his direction*, at the time the facts occurred or immediately thereafter, or at any other time when the facts were fresh in his memory, and that he knew that the same were correctly stated in the writing.    (Sec. 2047, Code Civ. Proc.)

As part of the charge given by the court and excepted to by the plaintiff, after objection duly made, was the following: "In determining the question as to whether the slanderous words charged were spoken about or concerning the plaintiff, it is proper for you to consider whether at this time, when these words were alleged to have been spoken, Lachman knew the person of the

plaintiff or not; and if he did not know the person of the plaintiff at this time, how could he have referred to her? and how could he have pointed her out as the subject of his accusation?"

This is justly criticised as being argumentative, and instructing the jury upon the weight of testimony. By it they are in effect told that if the defendant did not know the plaintiff personally, he could not have referred to her or pointed her out as the object of the accusation contained in his language which is the matter of complaint. At least, it is fairly susceptible of this construction, and may have misled the jury.

The other portions of the court's charge which are objected to were not improper, in view of the declaration of this court as to the right of the trial judge to state the testimony given in a cause to a jury as "tending to prove" a matter. (*People* v. *Perry*, 65 Cal. 568; *People* v. *Vasquez*, 49 Cal. 560.)

For the error committed, the judgment and order should be reversed and cause remanded.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed and cause remanded.

Hearing in Bank denied.