[No. 11010.  In Bank. — November 16, 1888.]

## L. STERN, RESPONDENT, *v.* J. LOEWENTHAL, APPELLANT.

SLANDER — EVIDENCE OF UTTERANCES NOT ALLEGED IS INADMISSIBLE. — In an action for slander, evidence is inadmissible on behalf of the plaintiff of utterances by the defendant other than those alleged in the complaint; and the refusal to strike out such evidence upon the motion of the defendant is error.  By SHARPSTEIN, J., PATERSON, J., and McFARLAND, J., concurring.

ID. — ORIGINAL ANSWER INADMISSIBLE AS EVIDENCE AFTER AMENDMENT. — In such an action, the original answer of the defendant, after being superseded by an amended answer, is not admissible in evidence on behalf of the plaintiff.  By SHARPSTEIN, J., PATERSON, J., and SEARLS, C. J., concurring.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The action was brought to recover damages for a slander.  The complaint alleged that the slanderous words spoken by the defendant of the plaintiff were, "He is a thief," and "He is doing business on my money."  The original answer of the defendant contained a plea of justification, which was omitted from the amended answer.  Judgment was rendered in favor of the plaintiff, from which, and from an order refusing a new trial, the defendant appeals.  The further facts appear in the opinion of Mr. Justice Sharpstein.

*J. D. H. Chamberlin, James Hanna,* and *E. W. Wilson,* for Appellant.

Words spoken of a different nature and at a different time from the slander alleged in the complaint, for the purpose of showing express malice, are not admissible. (*Howard* v. *Sexton,* 4 N. Y. 157; *Root* v. *Lowndes,* 6 Hill, 519; 51 Am. Dec. 762; *Keenholts* v. *Becker,* 3 Denio, 348; *Frazier* v. *McCloskey,* 60 N. Y. 337; *Bassell* v. *Elmore,* 48 N. Y. 566.) Error in the admission of such evidence is not cured by the action of the court in subsequently striking it out. (*Scripps* v. *Reilly,* 38 Mich. 14; *State* v. *Wolff,* 15 Mo. 173; *State* v. *Mix,* 15 Mo. 160; *State* v. *Meader,* 54 Vt. 127.) The admission in evidence of the original answer containing the plea of justification was error. Such answer was not evidence of express malice. (Code Civ. Proc., sec. 461; *Bush* v. *Prosser,* 11 N. Y. 350; *Wachter* v. *Quenzer,* 29 N. Y. 551; *Klinck* v. *Colby,* 46 N. Y. 436; *Morris* v. *Lachman,* 68 Cal. 112; Townshend on Slander, sec. 280, note 9.)

*S. M. Buck,* for Respondent.

If it was error to admit the testimony complained of, it was cured by the action of the court in striking it out. (*People* v. *French,* 69 Cal. 169; *Williams* v. *Vanderbilt,* 28 N. Y. 221; 84 Am. Dec. 333.) The original answer of the defendant was admissible as evidence of express malice. (3 Sutherland on Damages, 647, 648; *Chamberlin* v. *Vance,* 51 Cal. 84; *Norris* v. *Elliott,* 39 Cal. 74; *Knapp* v. *Fuller,* 55 Vt. 311; 45 Am. Rep. 620; *Daly* v. *Byrne,* 77 N. Y. 188; *Fero* v. *Ruscoe,* 4 N. Y. 164; *Reed* v. *Clark,* 47 Cal. 203; *Pallet* v. *Sargent,* 36 N. H. 496; *Distin* v. *Rose,* 69 N. Y. 127; *Ward* v. *Dick,* 47 Conn. 303; 36 Am. Rep. 78; Abbott's Trial Ev. 667; *Johnson* v *Powers,* 65 Cal. 180; *Pfister* v. *Wade,* 69 Cal. 139; *Bodwell* v. *Osgood,* 3 Pick. 379; 15 Am. Dec. 228; *Powers* v. *Wheatley,* 45 Cal. 115.)

SHARPSTEIN, J.—On the trial of this action (for slander), some of the witnesses for the plaintiff testified to utterances by the defendant, other than those alleged in the complaint. The defendant moved that the evidence as to such utterances be stricken out. The motions were denied, and the defendant excepted. This raises the question of the admissibility of evidence to prove words not set out in the complaint. Upon that question the opinions of courts have been discordant. Against the admissibility of such evidence, the opinion of Bronson, J., in *Root* v. *Lowndes*, 6 Hill, 518, 51 Am. Dec. 762, is characteristically clear and vigorous. Townshend, after referring to some conflicting opinions upon this point, says: "But the better opinion appears to be that evidence of a charge of a *different* nature, and at a different time from that alleged in the declaration, is inadmissible to prove malice, *or for any purpose*. This is in effect only another form of the rule that actionable words not counted upon cannot be given in evidence unless suit upon them is barred by the statute of limitations, and their admission, where the statute has run, is opposed to principle, as it, in effect, restores a cause of action which has been taken away by the law." (Townshend on Libel and Slander, sec. 392.)

In that view of the question we concur, and think the court erred in denying the motion of defendant to strike out.

After denying the defendant's motion to strike out, the court, on motion of plaintiff, struck out the evidence which the defendant had moved to have stricken out, with the exception of that given by the witness Taylor, who testified that defendant told him "that he would break Mr. Stern [plaintiff] up in business." If the court erred in denying defendant's motion to strike that out, the error was not cured by any subsequent act of the court. Was the denial of that motion error? The words are not literally, nor substantially, the same as those

alleged in the complaint to have been spoken by the defendant. And the witness does not testify that they were spoken in connection with those alleged in the complaint to have been spoken, or that the defendant ever, at any time, spoke in his, witness's, hearing the words alleged to have been spoken by the defendant. The testimony of this witness was clearly irrelevant, and the motion to strike it out should have been granted. The case of *Chamberlin* v. *Vance*, 51 Cal. 75, cited by plaintiff's counsel, is distinguishable from this case. In that case the court says the words testified to "were substantially the same as those declared on." The rule against admitting irrelevant testimony applies in this as in other cases.

In *Howard* v. *Sexton*, 4 N. Y. 157, the lower court admitted evidence of a charge made by the defendant against the plaintiff, of a different nature and at a different time from the slander alleged in the declaration "to show with what mind the words stated in the declaration were spoken, and *for no other purpose*"; in other words, to prove express malice. The court of appeals said: "As this was not essential to sustain the action, there could be no assignable reason for the admission of such testimony, except to aggravate the damages. And yet upon that question the learned judge instructed the jury to disregard it. If they had regarded the ruling of the court, which is never done under such circumstances, the evidence was irrelevant, and should have been excluded."

The original answer of the defendant was superseded by an amended answer, and the court, against the objection of the defendant, admitted the original in evidence. The question here involved was considered in *Morris* v. *Lachman*, 68 Cal. 109. In that case the plaintiff sought to introduce the original answer, which had been superseded by an amended answer, in evidence. The court sustained defendant's objection to its introduction, and

this court said: "The defendant had a right to withdraw the charge made against the plaintiff's reputation in his first answer, and by the court's permission to file an amended pleading, leaving the objectionable matter out. And no error was by that tribunal committed in refusing to allow proof to be made that such a charge had been thus preferred on a previous trial, and attempted to be established by evidence." If it was not error to exclude such evidence in that case, it certainly was error to admit it in this case.

In *Gilmore* v. *Borders*, 2 How. (Miss.) 824, pleas of justification were pleaded and withdrawn. It was held to be error to permit them to be read in evidence.

The question is one which admits of considerable elaboration, but we forbear, as *Morris* v. *Lachman, supra,* in our opinion, is decisive of it.

Upon the other points discussed by counsel, we express no opinion.

Judgment and order reversed.

PATERSON, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment upon the first ground stated in the opinion of Mr. Justice Sharpstein.

SEARLS, C. J., concurring.—I concur in the judgment upon the ground that the original answer of the defendant, having been superseded by an amended answer, was not admissible in evidence on behalf of the plaintiff. (*Ponce* v. *McElvy*, 51 Cal. 222; *Mecham* v. *McKay*, 37 Cal. 154; *Morris* v. *Lachman*, 68 Cal. 109.) Upon the other questions discussed, I express no opinion.