[S. F. No. 898.   Department One.—September 8, 1897.]

In the Matter of the Estate of JEREMIAH O'CONNOR, Deceased.

EVIDENCE—IMPEACHMENT OF WITNESS—INCONSISTENT STATEMENTS.—To impeach a witness upon the ground of inconsistent statements, the impeaching testimony must be plainly inconsistent with that already given.

ID.—CONTEST OF WILL—TIME OF STROKE OF APOPLEXY—STATEMENT OF ANSWER NOT INCONSISTENT WITH EVIDENCE.—Where the executor, upon the contest of a will, testified upon cross-examination that the deceased was not suffering from a stroke of apoplexy at the time when the will was made, a statement in his original answer to the contest that the deceased was attacked by a stroke of apoplexy at about the hour of 10 A. M. on the day on which the will was executed, is not admissible for the purpose of impeachment, it not appearing whether the will was executed before or after the stroke of apoplexy, or that the statement of the answer related to the time when the will was made, so as to be plainly inconsistent with the evidence given.

ID.—USE OF ORIGINAL ANSWER FOR IMPEACHMENT—EFFECT OF AMENDED ANSWER.—The fact that the original answer is superseded by an amended answer as a pleading furnishes no valid ground for rejecting proof of its statements for purposes of impeachment, when they are plainly contradictory of evidence given by the party who verified the original answer.

ID.—EXCLUSION OF PHYSICIAN'S CERTIFICATE AS TO CAUSE OF DEATH—APPEAL—EVIDENCE NOT IN RECORD—INJURY NOT SHOWN.—If the certificate of the attending physician showing that the death of the deceased was caused by apoplexy is to be regarded as competent evidence of that fact in favor of the contestant of the will of the deceased, under section 1920 of the Code of Civil Procedure, yet, where the evidence given upon the trial of the contest is not embodied in the record upon an appeal taken by the contestant, and it does not appear that the will was not made prior to the stroke of apoplexy, the appellant does not fulfill his duty of showing that substantial injury resulted from the ruling of the court, and does not show that the offered evidence was at all material.

APPEAL from an order of the Superior Court of the City and County of San Francisco admitting a will to probate.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

H. W. Hutton, for Appellant.

The court erred in excluding the certified copy of the certificate of death.   (Pol. Code, secs. 3023-25; Code Civ. Proc., sec.

1920; *Swamp Land Dist. v. Gwynn*, 70 Cal. 566; *People v. Grundell*, 75 Cal. 303; *Reclamation Dist. v. Wilcox*, 75 Cal. 448; *People v. Fairfield*, 90 Cal. 186.) The court erred in refusing to allow the executor to be cross-examined in reference to the original answer. (*Johnson v. Powers*, 65 Cal. 180; *Collins v. Scott*, 100 Cal. 453.) Exclusion of proper testimony is always ground for reversal. (*Jolley v. Foltz*, 34 Cal. 321; *Estate of Toomes*, 54 Cal. 517; 35 Am. Rep. 83; *In re Carpenter*, 79 Cal. 386.)

Wheaton, Kalloch & Kierce, and Stephen L. Sullivan, for Respondents.

No prejudice or injury appears from any ruling of the court, and the judgment must therefore be affirmed. (*Mecham v. Mc-Kay*, 37 Cal. 165; *Ponce v. McElvey*, 51 Cal. 223; *Morris v. Lachman*, 68 Cal. 112; *Stern v. Loewenthal*, 77 Cal. 343.) There is now no presumption that error is prejudicial. (Code Civ. Proc., sec. 475, in effect February 26, 1897.)

GAROUTTE, J.—The present action arises upon a contest of the probate of a will. The contestant appeals, and we find but two questions disclosed by the record demanding special consideration. One Behan was named as executor, and signed and verified the original answer to the contestant's pleading. This answer was subsequently superseded by an amended answer. In the original answer Behan admitted that at about the hour of 10 A. M., July 17, 1896, "said decedent [O'Connor] was attacked by a stroke of apoplexy." The will was made upon the same day, but the particular hour is not shown by the record. At the trial Behan testified that the deceased was of sound and disposing mind at the time he made the will. Upon cross-examination he testified that the deceased was not suffering from a stroke of apoplexy at the time the will was made. For the purpose of impeaching the credibility of the witness the contestant offered the aforesaid admission taken from the original answer of Behan. Under objection this evidence was ruled out, and this ruling is now assigned as error. We are satisfied that the trial court was clearly right. To impeach a witness upon the ground of inconsistent statements, the impeaching testimony must be plainly inconsistent with that already given. Behan in the pleading

stated the decedent's physical condition at about 10 A. M., July 17th. In his testimony he stated his physical condition at the time he made the will. That time may have been many hours after 10 A. M. Indeed, it may have been before 10 A. M. The evidence of the witness upon the stand was directed to the condition of the deceased at a particular time, and the impeaching evidence to be admissible should have been directed to the same time. It may be further suggested that the fact of the pleading being superseded by another furnished no valid ground for rejecting the admissions therein contained when offered for impeachment purposes. The statements of fact therein made by the party stood exactly as though found in any other written document made by him, and were entitled to be used against him for impeachment purposes, if they were such as to serve that purpose. (See *Johnson v. Powers*, 65 Cal. 179.)

Contestant attempted to introduce in evidence the death certificate furnished by the attending physician to the health officer, for the purpose of showing that the cause of death was apoplexy. This offered evidence was rejected. Conceding the certificate to be competent evidence by virtue of the provisions of section 1920 of the Code of Civil Procedure relating to public records, still we fail to see how contestant was prejudiced by the ruling. The evidence given at the trial is not before us. There is nothing in the record to show the materiality of such evidence as that proposed to be offered. It is for the appellant to show substantial injury by the ruling of the court, and here it is not shown. Apoplexy, as a rule, comes without warning. In no sense is it considered a slow and insidious disease; and it is impossible to say by the record that this attack came upon deceased prior to the making of the will. If the shock of apoplexy which caused his death—conceding such to be the cause of his death—fell upon him after the will was made, then certainly the fact that he died from the effects of such shock was entirely immaterial to the investigation then before the court. We see nothing further in the record demanding consideration.

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Fleet, J., concurred.