## EVANS v. DANIEL.

(Circuit Court of Appeals, Ninth Circuit. May 7, 1923.)

### No. 3855.

Evidence ⚖️208(6)—Verified pleading, though superseded by amended pleading, held admissible to show admissions made therein.

A verified answer containing admissions of allegations of fact in the complaint, though superseded by an amended answer denying such allegations, is admissible as evidence of such admissions, where defendant is a witness and is given an opportunity to explain the inconsistencies.

In Error to the District Court of the United States for the District of Nevada.

Action at law by J. B. Daniel against Millie L. Evans, now Millie L. Jones to recover damages for injuries sustained by plaintiff by being run over by an automobile, alleged to have been owned and operated by a servant of the defendant. Judgment for plaintiff, and defendant brings error. Affirmed.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

W. F. Williamson and B. M. Aikins, both of San Francisco, Cal., for plaintiff in error.

Booth B. Goodman, of Lovelock, Nev., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. Plaintiff in error, a resident of the city and county of San Francisco, state of California, was defendant in the court below, and the defendant in error, a resident of Lovelock, Pershing county, Nev., was the plaintiff.

Plaintiff alleged in a verified complaint: That on the 28th day of July, 1919, he was lawfully walking across a street in the city of Lovelock, state of Nevada, when the defendant's servant, Fred Davis, driving along in defendant's Ford automobile, ran into plaintiff, knocked him down, and ran over him; that the said Fred Davis was at the time driving carelessly and negligently, and was exceeding the 12-mile speed limit as provided by an ordinance of the city of Lovelock; that the said servant was under the age of 16 years, to wit, 14 years of age; that said defendant allowed said servant to operate the automobile in violation of the statute laws of Nevada; that said servant was incompetent to drive said automobile; that, by reason of the automobile running into and over plaintiff, he was badly hurt and permanently injured.

Defendant, in her original verified answer to plaintiff's complaint, referring to the allegations of plaintiff's complaint, admitted in substance that she was the owner of the Ford automobile mentioned in the complaint; that the automobile was, at the time stated, being driven along the street mentioned, by one Fred Davis; that Davis was then and there a servant in the employ of the defendant, in possession of said automobile as the servant of the defendant, driving and operating the same under the defendant's direction and control in the course of his employment; but she denied that her servant drove the automobile in a negligent or careless manner, denied that the servant knocked the plaintiff to the ground and ran over him, denied that her servant was driving at an excessive rate of speed, alleging that he drove always in a lawful and careful manner, and that the alleged accident was caused by plaintiff's negligence, and denied that Fred Davis was under the age of 16 years and was prohibited by law from driving the automobile.

In an amended verified answer to an amended verified complaint, defendant denied, among other things, that Fred Davis was a servant in her employ, and that in the course of his employ he used her Ford automobile, and alleged that the automobile was driven by Fred Davis as the employee and agent of defendant's mother, Elizabeth A. Rodgers.

The case was tried before the court and a jury, and resulted in a verdict for the plaintiff. In the course of the trial, the plaintiff offered in evidence the plaintiff's original verified complaint and defendant's original verified answer, for the purpose of showing the defendant's admissions in her original verified answer, and particularly her admission that she was the owner of the automobile in question; that

Fred Davis was in possession of the automobile as her servant at the time of the accident, and was driving and operating the same under her direction and control in the course of his employment.

Defendant objected to the admission of these pleadings on the ground that the admissions referred to were judicial admissions, which were never admissible in evidence as such. The objection was overruled, and the pleadings admitted in evidence. Whether the court was in error in this ruling is the only question submitted to us on this writ of error.

It is stated by the plaintiff in error that he has discovered no decision in the courts of Nevada upon this question. But he claims that the rule has been established by the Supreme Court of California upon this subject, and he contends that, as Nevada has adopted the practice act of California, it must be presumed to have been adopted as interpreted by the highest court of the state. He accordingly cites the case of Mecham v. McKay, 37 Cal. 154, 165, as declaring a rule applicable here. In this case the Supreme Court held, with respect to the pleadings in the case, that the original, answer having been superseded by an amended answer, the original answer was not admissible in evidence as an admission by the defendant to overthrow the amended pleading.

This is undoubtedly correct as a rule of practice in determining the questions at issue as developed and fixed by the pleadings. But has such a rule any bearing as qualifying the long and well established law of evidence, providing for the admission of such evidence as evidence (Jones on Evidence, §§ 272, 274)? It is true the court does not make the distinction very clear in that case, for it holds that the trial court was in error in admitting in evidence, against the objection of the defendants, the original answers filed by them in the action, and which had been superseded by the amended answers.

But for what purpose were the original pleadings offered in evidence? It would seem for the purpose of showing what the issues were under the pleadings, and not as evidence upon such issues, for the court says:

"Whilst it is true that pleadings in a cause containing admissions of facts dispense with the necessity of proving the facts admitted, the rule applies only to the subsisting pleadings on which the cause is tried, and not to defunct pleadings, for which other and amended pleadings have been substituted."

The court says further:

"The pleading on which a party goes to trial is the one on which he places his defense or cause of action, and he is bound by its admissions. But in many cases it would operate as a gross injustice to hold him to be bound by the admissions of a former pleading, made, perhaps, under a mistake of the facts, and which has become functus officio by the substitution of an amended pleading."

But whatever may have been the scope of the rule as applied in that case, in the case of Johnson v. Powers, 65 Cal. 179, 180, 3 Pac. 625, 626, the Supreme Court refers to the rule as stated in Mecham v. McKay, supra, with respect to the question of pleading, and makes the distinction with respect to evidence. The court says:

"But in the case now before us the plaintiff was called as a witness on his own behalf, and on cross-examination his attention was called to portions of the original complaint claimed to be inconsistent with his statements as a witness. There is no suggestion that he was not given full opportunity to explain the inconsistencies. The portions of the original complaint were not offered as evidence of any fact, other than the fact that the plaintiff made the statements contained in them, and such statements, so far as they were contradictory of or inconsistent with his statements as a witness, were as much admissible, for the purpose of impeaching him, as if they were contained in a letter written by him to a third person, or in an affidavit filed in a distinct proceeding. Code Civ. Proc. § 2052."

In the Estate of O'Connor, 118 Cal. 69, 71, 50 Pac. 4, 5, the same court stated that the rule with respect to evidence is that a—

"pleading being superseded by another furnished no valid ground for rejecting the admissions therein contained when offered for impeachment purposes."

Referring to the answer in that case, the court said:

"The statements of fact therein made by the party stood exactly as though found in any other written document made by him, and were entitled to be used against him for impeachment purposes, if they were such as to serve that purpose,"

—citing the case of Johnson v. Powers, 65 Cal. 179, 3 Pac. 625.

In Schuh v. R. H. Herron Co., 177 Cal. 13, 17, 169 Pac. 682, 683, the Supreme Court held that the rule declared in Mecham v. McKay, supra, was not universal; that—

"there is an exception in cases where the person who files and verifies the pleading is himself a witness on the trial. In such a case he may, on cross-examination, be questioned concerning the portions of his original pleadings which are inconsistent with the pleading upon which the trial is had, for the purpose of showing statements inconsistent with his testimony on the stand"— citing Johnson v. Powers, 65 Cal. 180, 3 Pac. 625; Estate of O'Connor, 118 Cal. 71, 50 Pac. 4.

"It was proper, therefore," the court said, "for the jury to have before it the varying statements of the plaintiff on the subject of the exact manner in which he received his injury."

In Williams v. Seiglitz, 186 Cal. 767, 773, 200 Pac. 635, 637, this question was again before the Supreme Court on an objection that an original answer had been improperly admitted as a part of the cross-examination of the defendant. The court, referring to Mecham v. McKay, supra, and other cases, says:

"These authorities lay down the rule that in this state an abandoned pleading may not be used as evidence against the pleader. However, it has been held that such a pleading may be admitted for purposes of impeachment of the pleader's testimony by showing prior inconsistent statements,"

—citing the cases which we have referred to.

In the present case, the defendant was a witness in her own behalf at the trial in a deposition taken and read to the jury. In this deposition she gave testimony in support of the allegations contained in her amended answer, stating that the automobile belonged to her mother. On cross-examination, she was asked if the matters she had testified to were known to her when she verified her original answer in the case. She said they were. She was then asked why she admitted, under oath, that Fred Davis was her servant, in her employ, and operated the

automobile in question under her direction and control, in the course of his employment. Her answer was that she did not understand that she was admitting anything except the ownership of the ranch (the ownership of which was also a subject of inquiry on the trial of the case). She testified further, that later, through discussion with her attorney, the error was discovered; he not fully understanding the situation at that time.

She was asked, further, whether she had communicated all the matters contained in her answer to her attorneys at the time her first answer was filed. She answered, "No." She said she answered at the time the questions her attorney asked, but he did not ask her if Davis was her servant, in her employ, and operating the automobile under her direction and control, in the course of his employment. Her attention, she testified, was not called to this particular feature when she read the answer. She says she naturally signed the paper which the attorney presented to her, which she thought covered the ownership of the ranch, as he knew of the deeds to her.

The defendant's original verified answer was not offered as evidence of any fact, other than the fact that she had made the statements therein contained under oath. The defendant testified in her own behalf. Her attention was called to that part of her original answer inconsistent with her statement as a witness. She was given a full opportunity to explain such inconsistencies, and she made such an explanation as she thought advisable. The answer was properly admitted as tending to show that she was the owner of the automobile, and that Davis, the driver, was in her employ. The question at issue then became a question for the jury.

In addition to the cases cited from the Supreme Court of California, sustaining the ruling of the trial court in this case, the weight of authority in other states is to the effect that —

"A party, plaintiff or defendant, who verifies a pleading, should be presumed to have known its contents, and it should be received in evidence, subject to such explanation as the party may see fit to offer."

See H. C. Behrens Lumber Co. v. Lager, 26 S. D. 160, 128 N. W. 698, Ann. Cas. 1913A, 1128, 1130.

No error appearing in the record, the judgment of the District Court is affirmed.