[Civ. No. 2619. Third Appellate District.—June 25, 1923.]

# FRANK L. CORNWELL, Respondent, v. JAMES MULCAHY, Appellant.

[1] CONTRACTS—SINKING OF WELL—PERFORMANCE—EVIDENCE—FINDINGS.—In this action upon a common ·count for labor done and material furnished in the sinking of a well by plaintiff upon defendant's land, although there was a decided conflict in some material respects, there was sufficient evidence to support the findings of the trial court that plaintiff did not guarantee to obtain a sufficient supply of water to irrigate defendant's land but merely agreed to sink a well upon defendant's land in a good and workmanlike manner and to install therein such well-casing as plaintiff might consider reasonably necessary for that purpose, that plaintiff performed the work and constructed the well in a proper and effective manner and installed therein sufficient casing as the condition of the earth required, and that he used due care and skill in every respect.

[2] EVIDENCE — CROSS-EXAMINATION — IMPEACHMENT — STATEMENT IN SUPERSEDED ANSWER.—In such action, the defendant, on direct examination, having testified in reference to his agreement with plaintiff's agent as to the amount of casing to be installed, plaintiff's counsel, on cross-examination, was properly permitted to ask plaintiff whether he remembered signing a statement in his original answer (which had been superseded by an amended answer) as to the amount of casing agreed to be used.

[3] ID.—EXPLANATION OF ANSWER—WAIVER OF RIGHT.—In such action, the defendant having answered that he signed the statement in question, but added that he had an explanation to offer, and the court, after counsel for defendant had remarked that the witness desired to make an explanation, having remarked: "That will come along in time," but counsel for defendant, on redirect examination, not having seen fit to call for the explanation when it was in order and he had the opportunity, defendant cannot complain on appeal because the answer was unexplained.

[4] PLEADING—NONPAYMENT—BURDEN OF PROOF.—In an action upon a common count for labor performed and material furnished, while the plaintiff is required to plead nonpayment, he is not required to prove such averment.

[5] ID.—CAUSE OF WELL FILLING IN—ISSUES—FINDINGS.—The answer of the defendant having alleged that the well sunk by plaintiff filled with sand because of the defective construction by plaintiff, it was not inappropriate for the court to find and declare that

the well filled in with sand because the defendant failed and neglected to cause said well to be pumped or operated at the time of its completion.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Glenn West for Respondent.

BURNETT, J.—The complaint was upon a common count for $654 for labor done and material furnished in the sinking of a well by plaintiff upon defendant's land and the judgment was in favor of plaintiff for the amount of $563, from which the appeal has been taken. [1] Defendant denied the indebtedness and alleged that plaintiff agreed to sink the well twelve inches in diameter throughout its entire depth; that he guaranteed to obtain a sufficient supply of water to irrigate defendant's land and that he agreed to case the well sufficiently to prevent the same from filling up. It was further alleged by defendant that plaintiff constructed the well twelve inches in diameter, to a depth of forty-six feet only, and cased it to that depth, and then sank the well from that point only six inches in diameter, and put no casing therein; that the well was not straight, that it was insufficiently cased and that, by reason thereof, it filled up with sand and debris and was worthless. The court found against defendant as to these allegations and furthermore that plaintiff merely agreed to sink a well upon defendant's land in a good and workmanlike manner and to install therein such well-casing as plaintiff might consider reasonably necessary for that purpose. It was also found that plaintiff performed the work and constructed the well in a proper and effective manner and installed therein sufficient casing as the condition of the earth required and that he used due care and skill in every respect.

We can see no merit in the claim of appellant that the evidence is insufficient to support the findings in favor of respondent. It may be admitted that there is a decided conflict in some material respects but we cannot say that the

trial court was in error in according credit to the showing made in favor of plaintiff. Appellant makes a common mistake of quoting a portion of the testimony which favors his view, and ignoring that of a contrary tendency. We have carefully read the transcript and found therein ample support for the findings, but we see no necessity for quoting it. We may add that the brief of respondent sets it out fully enough to justify the conclusion of the trial court.

[2] Appellant claims that it was error for the court to overrule the defendant's objection to the following question asked of the defendant Mulcahy:

"Q. I will ask you if you remember signing this statement in your original answer, 'Further answering said complaint, the defendant alleges as follows: That it was expressly stipulated and agreed by and between plaintiff and defendant herein, that only ten feet of casing should be put into the well by plaintiff for said defendant, and that plaintiff should use such casing as was furnished by defendant for that purpose?' "

The general objection was made and also that "the witness cannot be interrogated as to the contents of his previous answer that had been superseded, that it was not cross-examination and does not tend to contradict anything that the witness has testified to." Thereupon the record shows the following:

"The Court: 'The objection is overruled.' A. 'I signed that, yes: I have got an explanation to offer.' Mr. Carpenter: 'The witness desires to make an explanation.' The Court: 'That will come along in time.' "

Manifestly, as claimed by appellant, the cross-examination must be confined to matters which have been elicited on the direct examination. On the examination in chief, though, the witness had testified in reference to his agreement with plaintiff's agent:

"He said he was familiar with all that part of the country and that the casing, whatever casing would be needed, why, he would put in. So we tried to agree on how much the casing would be and he told me he couldn't tell, so I told him to go ahead with the casing at the market price, whatever the price would be. So he went ahead and put the well in. So I asked him again how much casing did he

think we would need. Well, he stated in part of it, not all the way, ten to thirty feet, take a twelve inch.''

The foregoing is sufficient to show that the question to which objection was made involved a pertinent matter of cross-examination.

The other objection is equally untenable. Some early decisions seem to go to the extent of holding that a superseded pleading cannot be used even for the purpose of impeachment, but the doctrine has been repudiated by the late decisions of the supreme court. Of these we may quote from *Williams* v. *Seiglitz,* 186 Cal. 767 [200 Pac. 635], as follows:

''In support of his contention that the original answer was improperly admitted as a part of his cross-examination, appellant cites *Morris* v. *Lachman,* 68 Cal. 109 [8 Pac. 799]; *Stern* v. *Loewenthal,* 77 Cal. 340 [19 Pac. 579]; *Mecham* v. *McKay,* 37 Cal. 154; *Ponce* v. *McElvy,* 51 Cal. 222. These authorities lay down the rule that in this state an abandoned pleading may not be used as evidence against the pleader. However, it has been held that such a pleading may be admitted for purposes of impeachment of the pleader's testimony by showing prior inconsistent statements. (*Estate of O'Connor,* 118 Cal. 69 [50 Pac. 4]; *Schuh* v. *Herron Co.,* 177 Cal. 13 [169 Pac. 682]; *Johnson* v. *Powers,* 65 Cal. 179 [3 Pac. 625].) . . . Notwithstanding appellant's claim to the contrary, we think it clear from the record that the original answer was admitted for purposes of impeachment, although there is no direct statement to that effect. . . . The pleading was properly admitted.''

It is clear that herein the question was asked for the purpose of impeachment and it was clearly within the contemplation of section 2052 of the Code of Civil Procedure.

[3] In reference to the answer of the witness it is appellant's contention that he ''was entitled to make his explanation at that time, and before the intervention of other testimony and while the matter was fresh in his memory.'' His right to explain cannot be doubted. (Sec. 1854, Code Civ. Proc.) The court, however, did not deny him that right, but having in view the usual practice in such cases properly supposed that on redirect examination his counsel would ask for the explanation. It would certainly then have been ''fresh in his memory,'' but the record shows that only

a few more questions were propounded in the cross-examination and there was no redirect examination whatever. If counsel did not see fit to call for the explanation when it was in order and he had the opportunity he should not complain now because the answer was unexplained.

Appellant criticises the action of the court in overruling his objection to the following questions:

1. "Now, without saying what other people said about it, what was your experience with this rotary tool?" 2. "Now, what would you say was the cause of these rotary tools drilling a crooked hole?" 3. "What is the result of that tool being connected by means of those jointed rods?" 4. What would you say in that respect to the drilling tools used which are used to sink a well by means of a cable?" 5. "In regard to those stratas of flowing sand that may fill up a well, as you strike those obstacles going down, what is the proper practice?" 6. After a well is sunk through soil of this character, that is, fine soil, dry sand strata, and may be a small flowing sand strata, what is the principle, when you are through, in regard to pumping your well out?"

We are satisfied that these questions all had some bearing upon the issue whether the work was done by plaintiff in an approved and workmanlike manner. This issue was directly raised by the answer and the only objection to the questions was the general one and that they involved a consideration "not within any of the issues raised by the pleadings."

[4] Appellant contends that the failure of plaintiff to prove the nonpayment of his claim is fatal to the judgment and he cites some earlier decisions favorable to his contention, but the rule in this state is now well established that in cases of this character the plaintiff is not called upon to prove his negative averment of nonpayment, although, of course, he must allege it in his complaint. (*Melone* v. *Ruffino*, 129 Cal. 514 [79 Am. St. Rep. 127, 62 Pac. 93]; *Stuart* v. *Lord*, 138 Cal. 672 [72 Pac. 142].)

In the former it is said: "Where a plaintiff has proved the existence of a debt sued on—at least, within the period of statutory limitation—the burden of proving payment is on the defendant." Furthermore, "Of course, it has been held by this court, as it was always held at common law, that in a complaint upon a promissory note, or other

obligation to pay money, there must be an averment that the money has not been paid. This is necessary to make the complaint perfect upon its face. But it is a *non sequitur* to say that because such negative averment is necessary in the complaint therefore it is necessary for the plaintiff to prove it. The question is not one of pleading but of evidence; not what must be alleged, but where the burden of proof lies. The general rule is that a party is not called upon to prove his negative averments although they may be necessary to his pleading.''

The other material findings, which are challenged by appellant, are sufficiently supported, as already stated.

[5] Appellant asserts: ''The finding that the alleged Cornwell well filled in with sand because the defendant failed and neglected to cause said well to be pumped or operated at the time of its alleged completion is not within any of the issues raised by the pleadings. . . . It is a well-settled rule of law that findings without the issues cannot sustain the judgment and a decision based thereon must be set aside.''

There is no question about said principle of law, but it has no application to the situation herein. At most, said finding involves merely surplusage. The other findings, which respond directly to the material issues, are sufficient to support the judgment and said challenged finding may be ignored without affecting the result. It may be recalled, however, that the answer of defendant alleged that the well filled with sand because of the defective construction by plaintiff and it was not inappropriate for the court to find and declare the real cause for this condition.

We think there is no sufficient reason for disturbing the judgment and it is therefore affirmed.

Jones, J., *pro tem.*, and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1923.