## H. MECHAM v. ANGUS McKAY AND GEORGE PEARCE.

REVIEW OF ORDERS ENTERED BY CONSENT.—Although the Supreme Court will not review judgments and orders entered by consent, yet, if it appear by a fair construction of a stipulation consenting to an order denying a new trial, that the stipulation was only intended to facilitate an appeal, and not as an abandonment of the right to contest the correctness of the order, this Court will renew the order.

THIRD SECTION OF FORCIBLE ENTRY ACT.—The third section of the Forcible Entry and Detainer Act of April 2d, 1866, which makes persons entering lands or tenements in the night time, or during the absence of the owner, and refusing to surrender possession on demand, guilty of forcible detainer, is not unconstitutional.

CASE AFFIRMED.—Caulfield v. Stevens, 23 Cal. 119, affirmed.

TITLE IN UNLAWFUL DETAINER.—The title cannot be tried in an action of unlawful detainer.

EVIDENCE OF TITLE IN UNLAWFUL DETAINER.—Neither evidence of a parol agreement for a title, nor evidence of a paper title, are admissible in an action of unlawful detainer.

ADMISSION OF PLEADING IN EVIDENCE.—If an answer has been superseded by an amended answer, the answer thus superseded is not admissible in evidence as an admission on the trial.

WHAT PLEADINGS PARTY BOUND BY.—Although a party is bound by the admissions contained in his pleadings, yet it is only the admissions in the pleadings upon which he goes to trial.

DEMAND OF POSSESSION IN UNLAWFUL DETAINER.—The demand and refusal of possession required by the third section of the Forcible Entry and Detainer Act must be made after the entry of the defendant.

Refusal of Possession in Unlawful Detainer.—The refusal, by the defendant in unlawful detainer, to permit the plaintiff to cut through the brick walls of the room, the possession of which is in controversy, is not evidence of a refusal to deliver up possession of the room, if that refusal was given for the purpose of preventing an injury to the walls.

Instructions.—Instructions asked may be refused if there is no evidence upon which to predicate them.

Possession of Tenant that of Landlord.—If A. enters under a lease from and as a tenant of B., and C. then recovers a judgment of eviction against A., after which A. attorns to and pays rent to C., from this last period the possession of A. becomes that of C.

Appeal from the County Court of Sonoma County.

The following was the stipulation upon which the motion for a new trial was denied:

"It is hereby stipulated and agreed by and between the parties to this action, that the motion for a new trial, on the part of said defendants in this action now pending in said Court, may be overruled by order of said Court staying all proceedings upon the judgment in favor of said plaintiff, be continued in force for ten days; and in case the said defendants perfect an appeal to the Supreme Court within said ten days, then and in that case the said order staying proceedings shall continue in full force and effect until the final determination of the rights of said parties on such appeal.

"Done at Santa Rosa, this 11th day of November, 1867.

"A. W. Thompson, Attorney for Plaintiff.
"George Pearce,
"For self, and attorney for defendant Angus McKay."

The following were the seventh and eleventh, thirteenth and ninth instructions asked by defendant and refused by the Court:

"7th. If the jury believe from the evidence the demand for possession was made before the entry into the room, they must find for the defendants.

"11th. If the jury believe from the evidence there was a

refusal after demand made to let the plaintiff into the possession of the room, still they must believe the refusal was upon demand made after the entry into the room in controversy.

"13th. The refusal to permit Hill to cut through the wall in the third story, is not evidence of a refusal to let Mecham take possession of the room in the second story, if the jury believe the refusal was intended to prevent injury to the property of McKay in the walls of the third story.

"9th. If the jury believe the defendant Pearce entered the room in 1857 as a tenant of McKay, and continued to occupy as a tenant, but paid rent to another against the will of McKay, that they are at liberty to consider the possession of Pearce during the time as the possession of McKay, and disregard the fact that Pearce paid rent to another; and in the event they should so believe, they will consider the question whether the plaintiff was an actual occupant of the room at the time of the entry, or within five days next preceding the day of the entry; and should they find that he was not, they must find for the defendants."

The following was the twelfth instruction, also refused by the Court:

"12th. This taking possession of the stairway was not such an entry as will enable the plaintiff to recover therefor in this action."

The following was the first instruction, as asked by the defendants. The Court, before giving it, modified it by inserting after the word "entry," where it occurs first, the words "and had not been occupied for five days prior thereto:"

"1st. If the jury believe from the evidence that the defendants entered the premises under a claim of right, and that the room in controversy was unoccupied at the time of the entry, and no force was used to effect the entry, they should acquit the defendants."

The other facts are stated in the opinion of the Court.

. *George Pearce*, for self and co-Appellant.

The order appealed from in the case at bar was entered upon a stipulation, and sufficiently shows that it was not only in contemplation of both parties that the order should be appealed from and reviewed, but the appeal was to be perfected within ten days. In *Coryell* v. *Cain*, 16 Cal. 567, there does not appear to have been anything in the record indicating either an intention of either party to appeal or an agreement touching the point. How, then, is a stipulation that a stay of proceedings be had until the appeal is determined in this Court, to be construed?

The complaint does not allege force or circumstance of terror in either the entry or detainer complained of, without which the County Court failed to obtain jurisdiction of the subject of the action. Section eight, Article VI, of the Constitution of this State reads as follows: "The County Courts shall have original jurisdiction of actions of forcible entry and detainer," etc. In general, it would appear quite sufficient to call the attention of this Court to the want of jurisdiction in the Court below, manifest upon the face of the complaint; but as the Legislature, by enactment, has attempted to define what acts shall constitute force, and the complaint in this case follows, as near as may be, the language of the statute, the question is presented whether the Legislature can, by defining what acts shall constitute force, change the jurisdiction of the County Court, or the meaning of the word *force*, as used in the Constitution.

. We contend that the Legislature cannot, by such enactment, either change the meaning of the word *force*, as used in the Constitution, or confer jurisdiction upon the County Court in a class of cases not intended in that instrument. (*Parsons* v. *Tuolumne Water Company*, 5 Cal. 43.) *Force* is not only the gist of the action, but determines the jurisdiction, and must be both alleged and proved. (*Thompson* v.

*Smith*, 28 Cal. 527; *McEvoy* v. *Igo*, 27 Cal. 375; *Owen* v. *Doty*, 27 Cal. 502.) Facts essential to confer jurisdiction must be alleged. (*Doll* v. *Fuller*, 16 Cal. 433.)

The appellants offered to show a complete title and right to the possession, not for the purpose of showing either title or a right to the possession, but to show that the possession of appellant Pearce for nine years next before the 1st day of August, 1866, had been and was the possession of McKay. (*Haley* v. *Palmer*, 9 Dana, 320.)

*A. W. Thompson*, and *Geo. Cadwalader*, for Respondent.

In *Brotherton* v. *Hart*, 11 Cal. 405, it was held that "where a party stipulates that a motion made for a new trial should be denied, he cannot question the correctness of the order in this Court." And so it was held in 22 Cal. 456, that an appeal did not lie from a voluntary nonsuit. The question of jurisdiction of the County Court is decided in *Caulfield* v. *Stevens*, 28 Cal. 118.

By the Court, CROCKETT, J.:

This is an appeal by the defendants from the final judgment, and from an order denying a motion for a new trial, in an action of forcible entry and detainer. The respondent insists that we cannot review the order denying a motion for a new trial, for the reason that it appears by the record that the order denying the motion was entered with the consent of the appellants, and upon a written stipulation to that effect.

We have several times decided that we will not review, on appeal, judgments and orders entered by consent. (*Brotherton* v. *Hart*, 11 Cal. 405; *Coryell* v. *Cain*, 16 Cal. 502; *Sleeper* v. *Kelly*, 22 Cal. 456.)

These decisions proceed on the theory that by consenting to the judgment or order the party expressly waives all objection to it, and cannot be allowed afterwards, on appeal, to

question its propriety, because by consenting to it he has abandoned all opposition or exception to it.

We are not inclined to retract or modify this proposition, but it is to be limited to cases wherein it does not appear from the record that the consent was given only *pro forma* to facilitate an appeal, and with the understanding on both sides that the party did not thereby intend to abandon his right to be heard on the appeal in opposition to the judgment or order. In other words, we will construe the stipulation according to the intention and understanding of the parties at the time, and give effect to it accordingly. If it appears from the record that it was intended by the parties to be only a *pro forma* judgment or order entered by consent for the mere purpose of hastening an appeal, and with no intention to waive an exception thereto, it would be a somewhat rigid ruling to give to the stipulation a conclusive effect not contemplated by the parties. We adopt the more liberal practice of construing the stipulation as the parties understood it at the time. At the same time we would not be understood as encouraging a loose practice in this respect, and recommend to attorneys greater care in framing stipulations, so as not to impose upon the Court the necessity of construing doubtful clauses in them.

The stipulation in this case on which the order denying a new trial was entered is not free from doubt, but, taking it all together, and construing it as a whole, in connection with the other facts disclosed by the record, we conclude that it was intended by the parties that the motion for a new trial should be denied *pro forma*, only to hasten the appeal; and that in consenting to the order the defendants did not intend to abandon their motion, or their objections to the rulings of the Court on the various points raised on the trial. It is in no degree probable, after the fierce contest which occurred on the trial, and the elaborate statement prepared by the defendants in support of their motion, that they intended, by consenting to the order denying it, to abandon the chief grounds of their defense.

The action is founded on the third section of the "Act concerning forcible entries and unlawful detainers," approved April 2d, 1866, (Stats. 1865–6, p. 769,) and is to recover the possession of a room in the second story of a building known as the "Phœnix Block," in the City of Petaluma. The complaint alleges, in substance, that on the 27th August, 1866, and for more than five days immediately prior thereto, the plaintiff was in the peaceable and undisturbed possession and occupation of the room; that on the same day, during the temporary absence of the plaintiff, the defendants unlawfully, without the consent and against the will of the plaintiff, entered into and took possession of the room, and have ever since withheld it from the plaintiff; that subsequent to the entry, and more than five days before the commencement of the action, the plaintiff demanded of the defendants the possession of the room, which demand was refused.

The answer of the defendant McKay denies the prior possession and occupation of the plaintiff, or that the defendant entered into the possession on. or at any time within twenty days before the 27th August; and avers as affirmative matter that on the 24th August the Sheriff, under a writ of possession duly issued on a judgment against "Petaluma Lodge, No. 77, and others," put the defendant into possession of the only stairway and mode of ingress or egress to or from said room; and that on the 28th August he made a lease of the rooms to his co-defendant, Pearce; but denies that the defendant McKay entered into or took possession of the room, or has at any time since the first day of August occupied the same, by his tenant or otherwise. He admits that he did not consult the plaintiff's wishes in taking possession of the stairway; and avers that the room is so situated that the defendant cannot yield up the possession to the plaintiff without delivering up the defendant's property to him.

The answer of the defendant Pearce admits that he occupied the room from 1856 to the 31st July, 1866, when he removed from it and yielded up the possession; after which

he did not occupy it, except that having obtained a lease of it from the defendant McKay, on the 28th August, he employed a man to whitewash and renovate the room, and afterward caused some shelving for books to be erected in it; but never otherwise occupied or took possession of it subsequent to July 31st, 1866, and avers that the acts of ownership he exercised over it were lawful. He admits that the plaintiff, in the month of September, 1866, demanded the possession, and avers that on such demand he informed the plaintiff that he (Pearce) had no right or authority to grant the plaintiff permission to pass into or upon the land of McKay; and alleges that, owing to the peculiar relation of the room to McKay's land, he had no power or authority to surrender the possession to the plaintiff.

A verdict and judgment were rendered for the plaintiff, and the defendants' motion for a new trial having been denied, they have appealed both from the judgment and the order denying the motion.

The defendants maintain that, under the Constitution, the County Court had no jurisdiction of the cause, and that the third section of the Forcible Entry and Detainer Act of 1866 is unconstitutional and void.

Section eight, Article VI, of the Constitution provides that "the County Courts shall have original jurisdiction of actions of forcible entry and detainer," etc.

Section three of the Act of April 2d, 1866, "concerning forcible entries and unlawful detainers," is as follows:

"If any person shall, in the night time, or during the absence of the occupant of any lands or tenements, unlawfully enter upon such lands or tenements, and shall, after demand made for the surrender of such premises, for the period of five days refuse to surrender the same to such former occupant, such person shall be deemed guilty of a forcible detainer, and may be proceeded against as herein provided for such offense; *provided*, that the party shall be

deemed the actual occupant of lands who, within five days preceding such unlawful entry, was in the peaceable and undisturbed possession of such lands and tenements."

The action is founded on this section, and the complaint avers all the material facts necessary to maintain the action, provided this section is a valid enactment.

The argument on behalf of the defendants is, that the Constitution confers upon the County Courts jurisdiction over actions for "forcible entry and detainer;" that these actions necessarily imply that the entry or detainer was *forcible;* and that *force* is a necessary ingredient in every such action. It is further insisted that the third section of the Act above quoted provides for a class of cases wherein force is not a necessary ingredient, and that such cases do not come within the category of "actions of forcible entry and detainer" of which the County Courts may take cognizance under the Constitution; and that the Legislature has attempted, in the section above quoted, to convert a peaceable entry or detainer, without force, into a cause of action cognizable by the County Court, under the Constitution, as one of forcible entry or detainer. This is not a new question in this Court, and was fully discussed in *Caulfield* v. *Stevens,* 28 Cal. 119, with the reasoning in which case we are entirely satisfied. On the authority of that case, we hold that the point made by the appellants in respect to the constitutionality of the Act is not well taken.

The facts of the case, as disclosed by the record, are complicated and peculiar. It appears that the building known as the "Phœnix Block" (a room in the second story of which is the subject of this controversy) occupies a frontage on the street of twenty-five feet. The only access to the upper stories is by means of a hall and stairway at the north end of the building; and the defendants claim that a strip of ground five feet wide, running back the whole depth of the lot, and including the northerly wall of the building and the greater portion of the stairway, is the property of the defend-

ant McKay. They further claim that when the building was erected one Gowan owned all the lot on which it stands except the aforesaid strip of five feet in width, which then belonged to Alexander McKay, who has since conveyed to the defendant Angus McKay; and they further claim that when the building was erected it was agreed between Gowan and Alexander McKay that the latter should erect the building at his own cost, and should own the stairway and the upper stories of the building, and Gowan the first story; that, in pursuance of this agreement, McKay erected the building and went into possession of the stairway and two upper stories, and Gowan into possession of the first story. It further appears that defendant McKay brought an action against certain persons in possession to recover the possession of the stairway and upper stories of the building, and on the trial recovered a judgment for the strip of land five feet wide, but failed to recover such portions of the second and third stories as are not over this strip. It further appears that a writ of restitution issued on this judgment, by virtue of which the Sheriff put the defendant McKay into possession of said strip, whereupon McKay closed and locked the only door leading to the stairway from the street; it also appears that the southern part of the doorway and a few inches of the southern side of the stairway were not upon the strip of five feet recovered by McKay. It further appears that the defendant Pearce had occupied the room in contest as a law office from the year 1857 to the last of July, 1866, for the last four years of which term he held under a lease from the plaintiff and his grantor, Hill. On the last named day he surrendered the possession to the plaintiff, and gave him the key to the room, whereupon the plaintiff closed and locked the door, or supposed that he had locked it. On the twenty-fourth day of the next month, (August,) the writ of restitution was executed whereby the defendant McKay was put into possession of the strip of five feet wide, and on the twenty-eighth of the same month he executed a lease to Pearce for the room in contest, who thereupon caused the

walls to be whitened and erected shelving for books, in view of occupying it as a law office.  It appears, also, that the plaintiff did not occupy the room in person, and that it remained vacant until Pearce caused it to be renovated and erected the shelving.  On the 3d September, 1866, the plaintiff served on the defendants a written demand for the possession, and there is proof tending to show a verbal demand on the eighth of the same month, and a refusal by the defendants.

On the trial, several instructions to the jury were given at the instance of the plaintiff, to all of which the defendants excepted; and numerous instructions were asked by the defendants, most of which were denied by the Court, to which ruling the defendants excepted.  In the progress of the trial, the defendants offered to prove the oral agreement between Gowan and McKay as to the erection of the house, and that McKay entered, under that agreement, into the possession of the stairway and upper stories, on the completion of the building; and in connection with this proof, offered in evidence a written instrument from Gowan to McKay, as explanatory of the agreement.  All of which was ruled out by the Court.

The defendants insist that this proof was competent, on the ground that it tended to show that their entry into the room was lawful, while the plaintiff maintains that it was properly excluded, because the defendant McKay failed in the action of ejectment to make good his right of entry as to this room, and is concluded by the judgment in that action.

There is no valid answer to this objection.  The right to the possession of this room was directly in issue in the former action, and was adjudged against the present defendants.  Whatsoever right of entry they have now they had when that action was tried, and they cannot retry in this form matters which were in issue and decided in that action.  But a more valid objection even than this to the admissibility of

this testimony may perhaps be found in the fact that it is an attempt to try title in an action for unlawful detainer.

But we think the Court erred in admitting in evidence, against the objections of the defendants, the original answers filed by them in this action, and which had been superseded by the amended answers. The original answers were offered in evidence by the plaintiff as an admission by the defendants of their possession and occupation of the room in contest. Whilst it is true that pleadings in a cause containing admissions of facts dispense with the necessity of proving the facts admitted, the rule applies only to the subsisting pleadings on which the cause is tried, and not to defunct pleadings, for which other and amended pleadings have been substituted. It has doubtless often happened that a pleading contains admissions made under a misapprehension of the facts. In such cases, if the party amends his pleading, stating the facts differently, he would reap no benefit from his amendment, if the adverse party were at liberty to use the first pleading as an admission to overthrow the amended pleading. It cannot be a sound rule of evidence which works such results and practically puts it out of the power of a party to avoid the effect of a mistake in the original pleading.

The pleading on which a party goes to trial is the one on which he places his defense or cause of action, and he is bound by its admissions. But in many cases it would operate as a gross injustice to hold him to be bound by the admissions of a former pleading, made, perhaps, under a mistake of the facts, and which has become *functus officio* by the substitution of an amended pleading.

We are aware that the reverse of this proposition was announced by this Court in *Carpentier* v. *Small*, decided at the October Term, 1866; but a rehearing was granted in that cause, and the point was not discussed in the last opinion. (35 Cal. 346.)

After a careful examination of the instructions given at the instance of the plaintiff, we discover no error in them.

Of those requested by the defendants and denied by the Court, the seventh and eleventh ought to have been given. The statute makes the demand and refusal evidence of a forcible detainer, under the circumstances specified in the third section of the Act; and it follows of necessity that such demand and refusal must be after and not before the entry complained of. The *thirteenth* ought also to have been given. If the defendants refused to permit Hill to cut through the wall of the third story, for the purpose of preventing an injury to the property of McKay, this was not evidence of a refusal to surrender the possession of the room in contest, within the sense of the statute. The second, third, and fifth may well have been denied, on the ground that there was no evidence on which to *predicate* them. If it be conceded that McKay had the lawful right to close the front door and thus prevent ingress and egress by means of the stairway, it does not follow that the plaintiff may not have found other means of access to the room, either through the adjoining building or through a window, without invading McKay's strip of five feet. The ninth was properly refused. The record shows that Gowan recovered a judgment of eviction against Pearce, whereupon the latter attorned, and for several years paid rent to the former. From this period the possession of Pearce was that of Gowan, and not of McKay, even though the original entry was under McKay. The first, as modified by the Court, contained the law applicable to that branch of the case, and the twelfth was properly refused as calculated to mislead the jury.

Judgment reversed and cause remanded for a new trial.

By the Court, CROCKETT, J., on petition for rehearing:

In the petition for rehearing, the plaintiff's counsel assumes that we have fallen into an error of fact in respect to the date of the plaintiff's demand to be let into the possession. It is true our opinion, as published in the newspapers, fixes the date in *April*, 1866, as assumed by the counsel; but this

was the result of a typographical error, and on reference to the original opinion on file in the case it will be found that we fix the date correctly as in *September*, 1866. But there is a conflict in the evidence on the point whether the defendants had taken the actual possession of the room in contest at the date of the demand in September, 1866. The defendant Pearce testifies that on the 24th of August, 1866, he occupied a room on the south of the room in dispute, but there was no communication between them, and never had been; that he continued to occupy the room on the south until the last days of September, 1866, and until some days after the date of the demand, and that he was not, in any sense, using or occupying the room sued for at the times the notices and demands were made and served on him.

He further testified that he never knew the defendant McKay to occupy the room an hour since he had known him, though he had known him ever since the house was built. On the other hand, the plaintiff put in testimony tending to show that Pearce exercised acts of ownership over the room on the evening of the twenty-fourth of August and afterward up to the first of September. It was for the jury to judge of the credibility of the testimony, and decide whether the entry of Pearce was before or after the demand made by the plaintiff for the possession on the third and again on the eighth of September. The Court, therefore, improperly refused the seventh and eleventh instructions asked by the defendants.

We see no reason to change the views expressed in our former opinion, in respect to the admissibility in evidence of the original answers of defendants.

Rehearing denied.

Mr. Chief Justice SAWYER expressed no opinion on petition for rehearing.