(63 Misc. Rep. 340.)

## KELLER et al. v. MORTON.

(Supreme Court, Appellate Term. May 27, 1909.)

1. PLEADING (§ 252*)—AMENDMENT—COMPLAINT—EFFECT.

A complaint is superseded, and its effect as a pleading destroyed, by filing an amended complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 737½; Dec. Dig. § 252.*]

2. EVIDENCE (§ 208*) — ADMISSIONS — PLEADINGS—COMPLAINT—AMENDED COMPLAINT.

While the filing of an amended complaint destroys the effect of the original complaint as a pleading, it does not destroy its effect as evidence, if it is otherwise competent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 718; Dec. Dig. § 208.*]

3. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE—PREJUDICIAL EFFECT.

In an action to recover money advanced to defendant in excess of his commissions as a salesman, error in excluding as evidence plaintiff's original complaint, which was superseded by amendment, and which contained admissions as to the terms of defendant's employment which were against plaintiff's interest, was prejudicial, where the evidence as to the terms of his employment was conflicting.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Nathan Keller and others against Bennett C. Morton. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Sporborg & Cantor, for appellant.
Samuel A. Berger, for respondents.

SEABURY, J. The plaintiff, who employed the defendant as a salesman, brought this action to recover money alleged to have been advanced to the defendant in excess of commissions earned. The plaintiffs' right to recover depended upon the terms of the contract under which they employed the defendant. The case was tried upon

the issues raised by the answer to the amended complaint. A demurrer to the original complaint, on the ground that it failed to state facts sufficient to constitute a cause of action, had previously been sustained, and the plaintiffs given leave to serve an amended complaint.

Upon the trial of the issues of fact, counsel for the defendant attempted to examine one of the plaintiffs, who admitted having signed and sworn to the original complaint, as to an admission relating to the terms of the defendant's employment contained in the original complaint. The learned trial justice, after declaring that the original complaint was in evidence, refused to permit counsel for defendant to read from it, or to interrogate one of the plaintiffs in reference to statements which he had made therein. If the original complaint was to be regarded as in evidence, counsel certainly had the right to read from it. The court excluded all questions propounded to the plaintiff in reference to the original complaint, stating:

"I will sustain all objections as to the original complaint. The amended complaint is the one they are suing on now."

To this ruling the defendant duly excepted. It is true, as contended by the respondent, that an original complaint is superseded, and its effect as a pleading destroyed, by filing an amended complaint; but this rule in no way destroys or detracts from the effect of the original complaint as evidence, where it is otherwise competent. The original complaint contained a declaration by the plaintiffs against interest, and as such was clearly admissible in evidence, and constituted a subject upon which the defendant might properly interrogate the plaintiff. In view of the conflicting evidence as to the terms of employment, we think the exclusion of this evidence prejudicial to the defendant.

Judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.