[No. 8397. Department One. November 22, 1909.]

JAMES KIEFER, *Respondent*, v. MARCELLUS LARA et al., *Appellants*.[1]

ATTORNEY AND CLIENT—ACTION FOR SERVICES—EVIDENCE OF EMPLOYMENT—ADMISSIBILITY. In an action to recover for legal services rendered in an action against defendant and a corporation, upon an issue as to whether the contract of employment included the defense of the action on behalf of the corporation; it is error to exclude defendants' offer in evidence of a complaint in a former action against the defendants, for the same services, which alleged that the plaintiff was employed by the defendants to defend "for them," as claimed by defendants, as it tended to support the defendants' contention that the plaintiffs were not employed to defend for the corporation.

SAME—INSTRUCTIONS. In an action to recover for legal services rendered in the defense of an action assailing the title of the de-

[1]Reported in 104 Pac. 1102.

fendants, and of their grantee in a warranty deed made by the defendants, in which there was an issue as to whether the defendants had employed the plaintiff to defend the action on behalf of such grantee, it is erroneous and misleading to instruct the jury that a general warranty deed runs with the land and binds the grantor to defend his title or estate, when the defendants were defending their title; as such defense would inure to the benefit of the grantee and they were under no obligation to employ counsel for the grantee.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 21, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for legal services, after a trial on the merits.   Reversed.

*John G. Barnes*, for appellants.

*C. A. Riddle*, for respondent.

RUDKIN, C. J.—This was an action to recover the reasonable value of services, alleged to have been performed by the plaintiff at the special instance and request of the defendant Marcellus Lara, in the case of *Johnson v. Lara*, 50 Wash. 368, 97 Pac. 231.   The complaint contained two causes of action; the first for services performed in the superior court; the second for services performed on appeal to this court.   The case was tried before a jury, and from a judgment on a verdict in favor of the plaintiff in the sum of $2,000, this appeal is prosecuted.

There was a direct conflict in the testimony as to the terms of the contract of employment.   The respondent testified that he was employed by the appellant Marcellus Lara to defend that action, not only on behalf of Lara and wife, but also on behalf of their codefendant, the Seattle Country Club.   Marcellus Lara, on the other hand, testified that he employed the respondent to appear in that action on behalf of himself and wife alone, and that the name of the Seattle Country Club was not referred to or mentioned.   In his complaint in this action the respondent set forth his contract of employment in these words:

"That in the month of April or in the first days of May, 1907, the defendants employed plaintiff to defend a certain action then pending in the superior court of King county, state of Washington, wherein J. B. Johnson was plaintiff and the defendants herein and the Seattle Country Club, a corporation, were defendants in which action specific performance of a certain contract between the defendants herein and the said J. B. Johnson, for the sale and purchase of certain real estate was sought to be enforced, and it was then agreed between the plaintiff and the defendant herein Marcellus Lara, acting for himself and his wife, that the plaintiff herein should defend said action both for the defendants herein and for said Seattle Country Club, and that said defendants herein would pay the plaintiff herein for his services, in said action wherein said Johnson was plaintiff, rendered both to the defendants herein and to the said Seattle Country Club, as the said Seattle Country Club claimed a title to said premises under a deed from the defendants herein, containing covenants of warranty."

It appeared at the trial that, prior to the commencement of the present action, the respondent commenced another action against the appellants to recover for the same services in the superior court. In the complaint in that action the contract of employment was thus alleged: "That in the month of April, 1907, the defendants employed plaintiff to defend for them a certain action in the superior court of King county, state of Washington, wherein J. B. Johnson was plaintiff and the defendants herein and others were defendants." The court sustained an objection to the introduction of the latter complaint in evidence at the trial, and this ruling is assigned as error. The assignment must be sustained.

The respondent did not appear for the Laras in the supreme court, and could not recover from the Laras for services performed in that court for the Seattle Country Club, unless such services were embraced in his contract of employment. The question whether the contract of employment included services performed for the Seattle Country Club

was therefore a vital one in the case, and there is a substantial and material difference in the allegations of the two complaints on that question. The complaint in the first action alleged that the appellants employed the respondent to defend *for them,* while the complaint in the second action alleged that the respondent was employed to defend not only for the appellants but for the Seattle Country Club as well. The first complaint tended, in a measure at least, to support the testimony of the appellant Marcellus Lara as to terms of the contract of employment; and, in view of the conflict in the evidence, should have been admitted. Of course the respondent was not bound or estopped by the allegations of his first complaint, but such complaint was material and competent for the consideration of the jury, and its rejection was error.

Among other things the court instructed the jury as follows: "A general warranty deed carries with it the covenant running with the land, and binds the covenantor or grantor, to defend the possession and estate in it; and it is the duty the covenantor owes to the grantee when his title, or estate, is assailed, to defend." The giving of this instruction is assigned as error. Whether the instruction is correct as an abstract proposition of law we need not inquire, for it was wholly inapplicable to the facts before the court and should not have been given. In the case of Johnson against the Laras and the Seattle Country Club, the Laras were in court defending their title, and their defense would of necessity inure to the benefit of their grantee. Under such circumstances the Laras were under no obligation to defend for the Country Club or to employ attorneys in its behalf. The jury might well infer from the instruction given that it was incumbent on the Laras to employ counsel for the Country Club, notwithstanding their own defense through their own attorneys, and the instruction was therefore misleading and erroneous. Other errors are assigned, but such as relate to

matters that may arise on a new trial are not prejudicial and require no discussion.

The judgment is reversed and a new trial ordered.

FULLERTON, GOSE, CHADWICK, and MORRIS, JJ., concur.