[No. 8771.  Department One.  November 25, 1910.]

ROBERT A. WILEY et al., Respondents, v. NORTHERN PACIFIC
RAILWAY COMPANY, Appellant.[1]

EVIDENCE — ADMISSIONS — PLEADING STRUCK OUT.  An answer
stricken out on motion of a defendant is not competent as an admis-
sion to prove any of the facts stated therein, as the same is functus
officio, and its admissions are not binding on the defendant.

Appeal from an order of the superior court for Chehalis
county, Irwin, J., entered December 29, 1909, granting
plaintiff a new trial, after granting a nonsuit, in an action
of ejectment.  Reversed.

George T. Reid, J. W. Quick, and John C. Hogan, for ap-
pellant.

Conway & Snider and W. E. Campbell, for respondents.

MOUNT, J.—This is an appeal from an order granting a
new trial.  The action was brought by the respondents to
eject the appellant from the occupation of lots 3 and 5,
block 9, Aberdeen tide lands, and for damages.  The case was
tried to a jury.  At the close of plaintiffs' testimony, the
court granted a nonsuit, upon the ground that the plaintiffs
had failed to show that the defendant was occupying any part
of the lots.  Upon a motion for a new trial, the court con-
cluded that there was some evidence that defendant was oc-
cupying a portion of the lots, and therefore granted the mo-
tion for a new trial.  The defendant has appealed.

The complaint alleged ownership and the right of posses-
sion in plaintiffs, and that the defendant wrongfully with-
holds possession from the plaintiffs.  The answer denied these
allegations, and as an affirmative defense, alleged that, prior
to the date when the plaintiffs purchased the lots from the

[1]Reported in 111 Pac. 801.

state of Washington, the defendant had constructed and was operating a railroad over

"all those portions of lots numbered 3 and 5, in and of tract number 9, of Aberdeen tide lands, according to the plat thereof on file with the commissioner of public lands of the state of Washington, lying and being north of a line parallel to, and 24 feet distant southerly from—when measured at right angles—the center line of the Northern Pacific railway company's track, as it was on the 12th day of April, 1907, and is now constructed, maintained, and operated over and across lots 3, 4 and 5, of section 10, T. 17, north, of range 9, west of the Willamette Meridian, in Chehalis county, Washington;"

that on said date the fee of said strip of land was in the state of Washington, and plaintiffs had filed their application to purchase said lands; that on April 15, 1907, the defendant began an action against the state of Washington and the plaintiffs to condemn such lands, and had filed a notice of *lis pendens;* that subsequently the defendant caused the plaintiffs to be dismissed from said action; that subsequently the plaintiffs intervened in said action, and that the same is still pending, and if plaintiffs have acquired any interest in said lots, they acquired the same with notice and subject to the rights of the defendant. These allegations were denied by a reply.

When the case came on for trial, the affirmative answer was stricken out by the court, at the request of the defendant. The action was then tried upon the complaint and general denial of the answer. Upon the trial of the case the plaintiffs contended that they were not bound by the official plat of said land, as made and filed in the office of the commissioner of public lands, but attempted to show by oral testimony that the railway was constructed below the line of mean high tide, as it existed when the state was admitted into the Union. This evidence was finally rejected by the trial court, and the dismissal was ordered; but, upon the motion for a new trial, the court was of the opinion that the north line of lot 5 was

within about twelve feet of the center line of the railway for about two-thirds of the length of the lot, and that the north line of lot 3 was within about eighteen feet of the length of the tract nearly the whole length of the lot, and for that reason granted the motion for a new trial.

It appears that the railway had been constructed many years before the tide lands were surveyed and platted by the state, and before the sale of the land to the plaintiffs by the state. We find nothing in the plats in evidence, or in the oral testimony, to show that the railway occupies any part of said lots 3 and 5, as platted and sold by the state, except certain statements contained in the affirmative answer, which answer was striken out of the case before the trial began. This answer was clearly not competent to prove the facts therein stated. *Mecham v. McKay*, 37 Cal. 154; *Johnson v. Powers*, 65 Cal. 179, 3 Pac. 625; *Woodworth v. Thompson*, 44 Neb. 311, 62 N. W. 450.

The case of *Kiefer v. Lara*, 56 Wash. 43, 104 Pac. 1102, relied upon by respondents, is not in point, because in that case the same contract which was relied upon was set out in two different complaints, and was relied upon in each case, and the terms of the contract itself were in dispute; while in this case the affirmative allegations of the answer were stricken and not relied upon. As was said in *Mecham v. McKay, supra:*

"The pleading on which a party goes to trial is the one on which he places his defense or cause of action, and he is bound by its admissions. But in many cases it would operate as a gross injustice to hold him to be bound by the admissions of a former pleading, made, perhaps, under a mistake of facts, and which has become *functus officio* by the substitution of an amended pleading."

Aside from the answer, which was stricken, we find nothing in the record in this case to justify the court in granting a new trial. The order must therefore be reversed.

RUDKIN, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.