### GOLDBERG v. SEIDMAN.

(Supreme Court, Appellate Term. February, 1911.)

Bills and Notes (§ 49*)—Action by Surety for Reimbursement—Evidence —Payment.

In an action by an accommodation maker of a note to recover the amount thereof from the payee and negotiator, evidence held insufficient to show that plaintiff had paid the note.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 49.*]

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Mendal Goldberg against Jacob Seidman. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Goetz & Goetz, for appellant.

Low & Carey, for respondent.

BIJUR, J. The complaint alleges that plaintiff made to the order of the defendant an accommodation three month's note for $200 upon defendant's promise to pay the note at maturity; that defendant negotiated the note; that the plaintiff was compelled to and did pay the same to its holder, a trust company; and that defendant had repaid the plaintiff only $15.

The record is unsatisfactory, in that the objections made by counsel from time to time are not stated with convincing clearness or precision. There appear to have been a number of errors made in respect of the admission and exclusion of evidence, notably in the refusal of the learned trial judge to admit in evidence the original complaint offered by the defendant. Keller v. Morton, 63 Misc. Rep. 340, 117 N. Y. Supp. 200. The most serious error, however, and the one in my opinion that requires a reversal, consisted in the denial of defendant's motion to dismiss on the ground that there was no proof that the plaintiff had actually paid the $200 to the alleged holder of the note, the trust company, or otherwise. It is true that in answer to a question of plaintiff's counsel, "What became of the note finally?" plaintiff answered, "I, myself, paid the note and then tore it up." But defendant's counsel moved to strike out this answer as not responsive, which the court declined to do. It appears from the record, however, that the court struck out the words, "and then tore it up," leaving the entirely irresponsive answer, "I, myself, paid the note," to which, thus, an adequate objection stood. At this point due exception was taken by defendant's counsel. Plaintiff was also permitted to introduce in evidence his check to the order of the trust company; and, while the objections taken thereto are rather inartificial, nevertheless they appear to me to be sufficient; but what is more important is that, as the check contained no indorsements showing that it had been paid, it constituted no evidence of payment. Added to this, there is no evidence that the trust company then held the note.

Without intimating any opinion on the merits of the controversy, I find that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.