[No. 22187. Department One. June 4, 1930.]

EDMUND SMITH, *et al., Respondents,* v. GEORGE W. SAULSBERRY, *Appellant.*[1]

[1]Reported in 288 Pac. 927.

*W. D. Lambuth,* for appellant.

*Hovey & Anderson* and *Smith & Matthews,* for respondents.

MILLARD, J.—This suit, brought to recover on two causes of action, for legal services rendered by the plaintiffs to the defendant, was tried to a jury. A verdict was returned in favor of the plaintiffs for the amount claimed to be due on each cause of action. Motion for a new trial was overruled. From judgment entered on the verdict, the defendant has appealed.

The facts upon which respondents rely to recover on the first cause of action are as follows: The appellant retained the respondents to represent him in an action instituted by one Miller against the appellant and one other for the specific performance of a contract for the purchase of eighty acres of land near Seattle, or in the alternative the recovery of $32,000 damages. Following the preparation by the respondents for defending the action and prosecuting the appellants' cross-complaint, the filing and arguing by respondents of several motions and demurrers and the assignment of the cause for trial, the plaintiff dismissed the complaint and appellant Saulsberry withdrew his cross-complaint. For that service the re-

spondents charged a fee of two hundred dollars, which they and one other attorney testified was reasonable. Disputing the reasonableness of that fee is the testimony of the appellant, who, while not averse to paying seventy-five dollars, insists that the services were worth only ten dollars.

Summarized, the facts in the second cause of action are:

The respondents were retained by appellant to commence an action against James D. Millar and others on a promissory note for $33,700 with interest and attorneys' fees, and to foreclose a mortgage given to secure the note. The basis of the right of foreclosure was the breach of the contract, in that the mortgagor failed to survey the property and permitted the taxes thereon to become delinquent. The record discloses that the trial was bitterly contested. The action was commenced June 13, 1927, went to trial March 19, 1928, and decree was signed May 19, 1928. Decree of foreclosure was entered, and appellant Saulsberry was awarded a judgment for $40,748.39, in which were included interest and an attorney's fee of $2,500 fixed by the court. The property was sold by the sheriff and bid in by Saulsberry for $33,000, leaving a deficiency judgment against Millar of $7,748.39.

The respondents testified that Saulsberry agreed to pay to them the fee which should be fixed by the court; that the appellant stated in open court, when the question of fees was discussed, that he (Saulsberry) would have to pay the fee, and that he thought $2,500 was reasonable. This is denied by the appellant, who testified that he told Mr. Matthews, one of the respondents, that he would not object to paying him, as a fee, all that might be collected from Millar, but, in the event that the fee was not recovered from Millar, he desired to know how much he would have to pay to

the respondents; that one of the respondents informed Saulsberry that, in the event that Saulsberry had to pay the fee, the charge would be very reasonable. Two eminent members of the Seattle Bar, and one former superior court judge of King county of many years' experience on the bench and at the bar, testified that the fee of $2,500 was reasonable.

Controverting that testimony, two attorney witnesses for the appellant testified, respectively, that seventy-five dollars and two hundred dollars would be a reasonable fee. In the prosecution of the mortgage foreclosure suit, the respondents advanced $45.75 costs which the appellant refused to repay to them. This item is included in the second cause of action, which is for the recovery of $2,545.75.

The refusal of the court to instruct the jury as follows is first assigned as error:

"You are instructed that the plaintiffs in this case having asserted a claim in their sworn answer and amended answer in cause No. 216420 in this court, and entitled George W. Saulsberry vs. Smith & Matthews, that their claim of $2,500 as attorney fee for services in the case of Saulsberry vs. Miller was contained in the deficiency judgment of $7,748.39 against Miller in that case, and that they were joint owners with Saulsberry of said deficiency judgment to the amount of their claim of $2,500, they are now estopped and precluded from recovering of the defendant Saulsberry the said item or any part thereof, unless you find from the evidence produced before you that Mr. Saulsberry has collected the same from said Miller on said deficiency judgment."

Respondents having filed a claim of lien for attorneys' fees against the land bid in by Saulsberry, the latter brought an action against the respondents to quiet title to the land as against that claim of lien. The action terminated in favor of the appellant Saulsberry, the court deciding upon demurrer that the

defendants Smith & Matthews were not entitled to file a lien against the real estate, because the same had been sold at sheriff's sale before the lien was filed. The original and amended answers in that action were admitted in evidence in the case at bar. By paragraph five of the original answer, the defendants alleged that, after the entry of the judgment in the foreclosure proceeding, the land was bid in by the plaintiff Saulsberry,

" . . . for the sum of $33,000 and a certificate of sale was issued to said plaintiff, leaving a balance of deficiency judgment of $7,748.39, which includes said sum of $2,500 allowed as attorney's fees."

By their amended answer, the defendants alleged in paragraph eight:

"That by reason of the allowance of said attorneys' fees in the sum of $2,500 and costs advanced by these defendants, these defendants thereby become joint owners in law and in equity in the result of said judgment, although the same was bid in in the name of said plaintiff by said plaintiff on the sale of said property, and said plaintiff is not entitled in law or in equity to any portion of the judgment awarded to these defendants, and, as such owners of an interest in said judgment, these defendants had a lawful and equitable right to assert their claim against the said property."

Appellant contends that respondents are estopped from recovering from the appellant $2,500 or any part thereof, by their sworn admissions in their answer and amended answer in the action brought by the appellant to quiet title; that the respondents conclusively show by those admissions that they claimed to own the full $2,500 attorney's fee allowed against Millar in the foreclosure suit, instead of looking to the appellant personally for their fee.

By paragraph eight of the amended answer in

the action to quiet title, the respondents allege that they are part owners in the entire judgment in the case of *Saulsberry v. Millar.* The original answer was superseded by the amended answer, therefore the former was out of the case in its capacity as a pleading, and the respondents were no longer concluded by it. We so held in *Wiley v. Northern Pac. R. Co.,* 60 Wash. 597, 111 Pac. 801, citing as suporting authority *Mecham v. McKay,* 37 Cal. 154, where the court said:

"The pleading on which a party goes to trial is the one on which he places his defense or cause of action, and he is bound by its admissions. But in many cases it would operate as a gross injustice to hold him to be bound by the admissions of a former pleading, made perhaps, under a mistake of facts, and which has become *functus officio* by the substitution of an amended pleading."

If the original answer contained a declaration by the defendants against interest, the answer would be admissible in evidence. *Keller v. Morton,* 63 Misc. Rep. 340, 117 N. Y. Supp. 200; *Smith v. Smith,* 136 Ga. 197, 71 S. E. 158.

The general rule is that statements of fact in a party's pleadings may be used against him as evidence of those facts. Such pleading is competent and may be introduced in evidence, as was done in the case at bar, for the reason that such statement is an admission against interest. Whatever the probative value of the admission in the original answer, the respondents are not concluded by that pleading. It was for the jury (under proper instructions which were given), in the determination of the facts, to consider, along with the other testimony in the cause, that portion of the original answer which the appellant argues precludes recovery by the respondents. Included in the evidence considered by the jury, was testimony explaining the position of respondents, who insisted

throughout the trial that appellant agreed to pay to them the fee fixed by the court in the foreclosure proceeding.

"Although admissions contained in a pleading of a party in a former action are admissible against him in a subsequent action, the pleading does not conclusively establish the facts alleged therein and is open to explanation or rebuttal. . . ." 1 R. C. L., p. 500, § 40.

In *Valley Planting Co. v. Wise,* 93 Ark. 1, 123 S. W. 768, 26 L. R. A. (N. S.) 403, it was insisted that Wise was bound by his statement, contained in an answer filed by him in another action between him and the Valley Planting Company, to the effect that the plaintiff company had agreed to furnish him a house to live in for a stated period and after a certain date. Wise's answer, in that case, the court held, was competent evidence in the second case as an admission; but it was not conclusive, and it was subject to explanation.

The allegation in the amended answer, that respondents are joint owners with appellant in the judgment against Millar, is the pleading of a legal conclusion; that is, an allegation of legal rights accruing as a result of obtaining the judgment for the appellant.

Statements in a pleading in a former action which are merely assertions of a conclusion of law do not constitute an estoppel. 21 C. J. 1233, § 239; *Mulvaney v. Gibbons,* 87 Ill. 367. The appellant may not successfully invoke the doctrine of estoppel by pleading or estoppel by record for another reason. The position respondents assumed in the action to quiet title was not successfully maintained, the court deciding upon demurrer that the respondents were not en-

titled to file a lien against the real estate bid in at the sheriff's sale by Saulsberry. 21 C. J. 1230, § 233.

■ If, as contended by appellant, the payment of the attorney's fee depended upon the successful outcome of the action to collect the deficiency judgment from Millar, a sufficient answer to that argument is that the respondents were prevented from prosecuting that action by the fault of the appellant. Pursuant to instructions of the appellant, the respondents forwarded records to an attorney in Los Angeles, who commenced an action to recover on the deficiency judgment against Millar. By letter of October 31, 1928, addressed to one of the respondents, the appellant discharged the respondents, stating he had retained another attorney to "take charge of the entire matter." Nothing was collected on the deficiency judgment. The action thereon was dismissed as premature, as there had not been a final disposition of the appeal in the case of *Saulsberry v. Millar*. The respondents would be entitled to recover from the appellant personally for the work they performed and all damages incurred by them as a consequence of such fault of appellant. The court correctly refused to give the requested instruction.

We shall not review the numerous authorities cited by appellant. They are all distinguishable on the facts from the case at bar. Further, in the cases cited, the party precluded successfully maintained the position he assumed in the prior proceeding.

■ Appellant next argues that the fee of $2,500 is excessive. In the foreclosure proceedings, the trial court allowed an attorney fee of $2,500, which respondents testified appellant informed the court was a reasonable fee, and that he, Saulsberry, would have to pay it. The respondents further testified that Sauls-

berry agreed that the fee fixed by the court was the amount he would pay to the respondents for their legal services. That was disputed, as recited above, by the appellant. Eminent attorneys testified that the fee was a reasonable one. An issue of fact was presented which was submitted to the jury under proper instructions.

The court properly instructed the jury that the amount allowed as an attorney's fee to appellant in the case of Saulsberry v. Millar raised a presumption that the fee was fair and reasonable between Saulsberry and his attorneys, but that presumption could be contradicted by evidence of an agreement between the attorneys and their client contrary to such presumption.

Appellant, who is a lawyer, argues that lawyers, like members of the medical profession, favor each other; that is, if a charge is made for serving a member of the profession, the fee is considerably less than that exacted of one outside the profession. Even so, that was a matter of defense, and should have been presented to the jury.

The jury found upon conflicting testimony in favor of the respondents on both causes of action. We will not interfere with the jury's finding, as a verdict upon conflicting evidence will not be disturbed on appeal if there is sufficient testimony for legal consideration by the jury. The judgment should be affirmed, except as to the item of interest.

The judgment on the first cause of action is for two hundred dollars, with interest thereon from June 1, 1928; and on the second cause of action for $2,545.75, with interest thereon from March 19, 1928. Prior to the date of the entry of the judgment, June 29, 1929, the amounts claimed were unliquidated demands;

therefore interest will not be allowed prior to that date. Respondents will recover costs in this court.

MITCHELL, C. J., TOLMAN, BEALS, and PARKER, JJ., concur.