[No. 23231.   Department One.   January 8, 1932.]

HATTIE RAE, *Respondent*, v. L. G. WRATHER, *Appellant*.[1]

*Charles E. Swan*, for appellant.

*J. M. Simpson*, for respondent.

HERMAN, J.—Plaintiff sued defendant for $250. In her original complaint, plaintiff alleged that defendant was the agent of one Walters, proprietor of the College Inn Hotel, and that the sum of $250 was paid to him as a deposit on the purchase price of that hotel, which she contemplated buying. Defendant's demurrer to the original complaint was sustained. Thereafter, plaintiff filed an amended complaint, in which she alleged that she gave defendant a draft for $1,050 for collection, with the understanding that, if she decided to purchase the hotel, he was to retain $250 out of the sum collected by him; otherwise, the entire amount of the draft was to be paid to her by defendant. Issues were joined, and the case was tried to the court without a jury. Judgment for $250 was entered in favor of plaintiff, from which defendant appeals.

Appellant correctly states that the principal question to be determined is: Was appellant acting as agent for respondent at the time she gave him the money for which she seeks recovery, or was she deal-

[1]Reported in 6 P. (2d) 619.

ing with him as the agent of Walters, owner of the College Inn Hotel?

The trial court found:

"That on the 9th day of October, 1928, the said defendant was given a certified check for $1,050 to be cashed by him and held pending her [respondent's] investigation to determine whether or not she would take the property, with the expressed understanding with the said L. G. Wrather that said money was being held in trust for her until she had made up her mind as to whether or not she wanted to purchase the property."

While such a course of conduct on the part of respondent might be characterized as somewhat unusual, there is ample testimony in the record to sustain the finding of the trial judge, who had the advantage of hearing and seeing the witnesses testify.

We have considered respondent's testimony as to her original complaint and her knowledge of its allegations, which are inconsistent with the allegations of her amended complaint. Such testimony, of course, has probative value, but is not conclusive. In the case of *Smith v. Saulsberry,* 157 Wash. 270, 288 Pac. 927, the court said:

"The general rule is that statements of fact in a party's pleadings may be used against him as evidence of those facts. Such pleading is competent and may be introduced in evidence, as was done in the case at bar, for the reason that such statement is an admission against interest. Whatever the probative value of the admission in the original answer, the respondents are not concluded by that pleading."

After a study of the evidence, we are unable to say that it preponderates against the findings. Therefore, the judgment should be, and it is, affirmed.

TOLMAN, C. J., BEELER, MITCHELL, and PARKER, JJ., concur.