[No. 33369. Department Two. April 12, 1956.]

ERNEST DODGE, *Individually and as Guardian ad Litem of* LYNNE DODGE, *a Minor, Appellant,* v. CHESTER C. STENCIL, JR., *et al., Respondents.*[1]

[1]Reported in 296 P. (2d) 312.

*Claire Wheeler Seltzer* and *Bassett, Geisness & Vance*, for appellant.

*Martin, Shorts & Bever*, for respondent.

WEAVER, J.—The trial court sustained a challenge to the sufficiency of plaintiff's evidence upon the ground that there was not "substantial evidence to let this case go to the jury." The court dismissed the action with prejudice and denied a motion for a new trial. Plaintiff, individually and as guardian *ad litem* of his minor daughter, Lynne, appeals.

 The material facts and all reasonable inferences therefrom, which we accept as true (*Ross v. Northern Pac. R. Co.*, 46 Wn. (2d) 832, 833, 285 P. (2d) 870 (1955)), are these:

Lynne Dodge, three and one half years old at the time of the accident, lived with her parents on the east side of 17th avenue northeast, south of its intersection with east 85th street, in the city of Seattle. The street is approximately thirty feet wide.

Two automobiles were parked within ten or twelve feet of the south line of the Dodge driveway. An automobile owned by the Dodges was parked north of the driveway. The Dodges' garage protrudes from the front of the house and extends back about one half the length of the house. The record does not disclose the distance from the garage to the street.

Just prior to the accident, Mrs. Dodge was sitting in her car (a second one) in the garage. She was just leaving home to visit her husband in the hospital.

Lynne approached her mother in the garage. She wanted pennies so she might go to a "carnival" which the neighborhood children were holding on a vacant lot across the street and a bit south of the Dodge residence. Just before the accident, Mrs. Dodge saw Lynne on the driveway, a few feet from the car, walking toward 17th avenue northeast. Mrs. Dodge testified: "I had just talked to her about two minutes before, two seconds before."

Defendant's car, headed north, was parked on the east side of 17th avenue northeast, between fifty and seventy-

five feet from the place of the accident. He left his place of business nearby about seven p. m. "It was a nice sunshiny evening." He drove north, traveling fifteen to twenty miles per hour and three to four feet out from the cars parked at the curb, south of. the Dodge driveway. He did not see Lynne until after the accident. Called by plaintiff as an adverse witness, he testified:

"I heard a thud, a thump, and I realized I must have hit something, so I stopped. . . . It was quite noticeable. I stopped as soon as I heard it, so I knew I had hit something."

Defendant reacted quickly and stopped his car in approximately twenty feet. He left his car immediately.

"Well, I saw, when I got out of the car, why, I saw there was a little young girl was coming down off, out of her house there; other than that, I didn't see anybody. I looked around and I didn't see anybody else. . . . I got out of the car and looked in back and there was a shoe in the street. I couldn't see anybody, so I looked under the car and here was a little girl under the left center axle, left front center axle there. . . . It was the left front center part of the axle there, you know, the front axle. It was on the left side closer to the center of the axle."

A strap on Lynne's jumper had caught on the front axle of defendant's car.

There were no eyewitnesses to the collision "except four year old children." None of them were called to testify.

Plaintiff argues that three alleged admissions by defendant furnish substantial evidence sufficient to take the case to the jury.

Defendant's original answer to plaintiff's complaint admitted the allegations of the claimed acts of negligence. However, the prayer of the answer asked that the complaint be dismissed. More than a month prior to trial, defendant's counsel served and filed "Notice of Trial Amendment."

In accordance with this notice, the typewritten word "admit" in the original answer is stricken. Above it is written "deny," followed by the initials "W. R.," presumably the initials of the trial judge. Nothing further concerning the amendment appears in the record. It is obvious that the use

of the word "admit" in the original answer was a mispleading.

■ Although a superseded pleading containing an admission against interest is competent evidence (*Smith v. Saulsberry*, 157 Wash. 270, 288 Pac. 927 (1930)), it must be offered in evidence before it can be used as proof of the matter contained therein. *Meyer v. State Board of Equalization*, 42 Cal. (2d) 376, 267 P. (2d) 257, 263 (1954); 4 Wigmore on Evidence (3d ed.) 61, § 1067 (1940). In the instant case, the original answer was not offered in evidence.

In his opening statement to the jury, defendant's counsel stated:

"There was a carnival being operated across the street with a lot of children across the street and, of course, the defendant had taken a glance over there just simultaneously with the thud, slammed on his brakes, looked around and saw nothing."

■ We cannot agree with plaintiff that this constitutes an admission sufficient to take the case to the jury. It does not meet the test that

"An admission by an attorney to be binding upon his client must be distinct and formal, and made for the express·purpose of dispensing with the formal proof of some fact at the trial. [Citing authorities.]" *State v. Wheeler*, 93 Wash. 538, 541, 161 Pac. 373 (1916).

The evening following the accident, defendant called at the Dodge residence. He talked with Mr. Dodge, who testified at the trial, as follows:

"Well, I asked Mr. Stencil [defendant] how the accident occurred, and he said that he had left his office, gotten in his car, and started up the street, that he did not see the little girl until, or he heard a noise and stopped. *I don't recall the exact words in all detail of both sides of the conversation. But it seems to me that he said that he was not looking at the street, he was looking at the house as he went by.*" (Italics ours.)

Plaintiff contends that the challenge to the sufficiency of the evidence should not have been sustained, because of defendant's alleged admission appearing in the italicized language above.

The rule—announced in *Kennett v. Federici*, 200 Wash. 156, 161, 93 P. (2d) 333 (1939)—that

"Evidence of the admission of a material fact by an adverse party or by his agent acting within the scope of his authority, if undenied when full opportunity for denial is afforded, constitutes substantial evidence of such fact"

is not applicable. Mr. Dodge testified *after* defendant had been examined as an adverse witness. Thus, defendant was not afforded an opportunity to deny the alleged admission.

■ Evidence of verbal declarations of an adverse party, where there are no corroborating facts or circumstances, is not sufficient to sustain a verdict of a jury upon a vital issue. *LaMoreaux v. Fosket*, 45 Wn. (2d) 249, 260, 273 P. (2d) 795 (1954); *Kennett v. Federici, supra,* and cases cited. The record fails to disclose the necessary corroborating facts or circumstances.

■■ Negligence cannot be assumed simply because an accident happened. Finally, there is no evidence of defendant's acts or of his failure to act from which it can be inferred that his conduct was a proximate cause of the accident. *Evans v. Yakima Valley Transp. Co.*, 39 Wn. (2d) 841, 239 P. (2d) 336 (1952).

The judgment is affirmed.

HAMLEY, C. J., DONWORTH, HILL, and ROSELLINI, JJ., concur.